Macy agt. Sawyer.

# SUPREME COURT.

## CHARLES A. MACY, JR., executor, &c., agt. MARGARET SAWYER and others.

*Will — Construction of — Life estate by implication — Power of sale — When inoperative.*

To devise an estate by implication there must be such a strong probability of an intention to give one that the contrary cannot be supposed.

The gift by a testator to his widow of all the rents and income of his real estate during her life creates in her an estate in the realty itself. And where there are no duties charged upon the executors with respect to the collection of the rents or income of the real estate or its application, no estate or trust is created in them in respect thereto.

A power given to the executors to sell the real estate of the testator may be so hampered with restrictions as to be wholly inoperative and may be disregarded.

The gift of the rest and residue of the testator's estate to *his children, after the death of his wife,* raises a life estate therein by implication in the testator's wife.

*Special Term, March,* 1883.

THIS is an action for the construction of the last will and testament of John Lawyer, deceased. The testator died seized and possessed of property real and personal.

By the third clause of his will, the testator gave to his wife " during her natural life only, all the rent and interest accruing from the real estate " of which he died seized. The testator gave, after the death of his wife, portions of his real estate to his two sons, and to his daughter other portions thereof; he also gave to her $1,000 in cash after the death of his wife. To the executors of his will was given a power to sell and convey his real estate, under certain restrictions, which were afterwards in the will declared as follows : " It is my desire that none of my real said estate be sold except in case of absolute necessity and for the benefit of my said estate ; and it is my will that it shall not be sold but with the written consent of

such of my heirs hereinbefore mentioned as may then be living, and that the amount realized upon such sale or sales shall be deposited in some safe savings bank or banks in trust of and for the benefit of the legatees, to whom the property so sold would have gone under the provisions of this will, and made payable to such parties after the death of my said wife, to whom the interest of such deposit shall go as long as she may live."

In the ninth clause of his will the testator declared as follows: "I give, devise and bequeath the rest and residue of my estate not hereinbefore mentioned, real as well as personal, after my said wife's death, to my said three children, share and share alike."

The questions which arose under the will, which were submitted for decision, were in substance, whether the will created a valid express trust as to all or any part of the real estate, and as to the duties and powers of the executors as to the real estate. Whether the widow of the testator was entitled to the gross rents or only the net rents, after paying taxes, repairs, &c. Whether the will created an implied discretion and trust in the executors to take charge of and hold all of the personal property, except what is specifically bequeathed, and to keep the same invested, and accumulate the interest and income thereof until the death of the widow.

*Wilson M. Powell*, for plaintiff.

*Charles H. Glover*, for defendants Sawyer and Clapp.

*Washington Sackman*, for defendant Temler.

VAN VORST, *J*. — There is no gift to the executors, in terms, of any estate in the realty. Nor is there any duty or trust imposed upon them with regard to its management. The gift is directly to the testator's wife of the rents and profits. Had the executor been invested with the duty of collecting and applying the rents and profits an estate therein,

Macy agt. Sawyer.

by implication, might be found to exist in them commensurate with the duration of the duty or trust imposed by the testator. But there is nothing in the will which indicates an intention on the part of the testator to create a trust in the executors, in the real estate or its rents and profits. They are not directed to collect or pay over the rents to the widow. To devise an estate by implication there must be such a strong probability of an intention to give one that the contrary cannot be supposed (*Post* agt. *Hover*, 33 *N. Y.*, 593, 599). But the gift to the testator's widow, of all the rents and profits, creates in her an estate for life. For a devise of the income, rents and profits of land, when there is nothing to qualify the gift, will convey the property itself to the devisee.

The executors, however, have a qualified power of sale, but the power is so limited by restrictions that it is practically inoperative, and as it can prove no convenience to the devisees or the estate it may be wholly disregarded, for the testator declares that none of the real estate shall be sold, except in case of absolute necessity and for the benefit of the estate, and then only upon the consent of his heirs, by whom he means the devisees thereof. This limitation refers exclusively to the exercise of the power intended to be given. As it appears that the testator owes no debts, or only to a trifling amount, and that there is an abundance of personalty to answer all testamentary charges, there would seem to be no occasion for the exercise of the power of sale, which could in no event be executed, the devisees not consenting.

The conclusion reached is, therefore, that the devisees take the real estate absolutely, subject only to the life estate in the widow, and that the life estate in their mother is the only restraint upon their absolute power of disposition of the realty. The ordinary annual taxes of all kind, and such repairs as prudence requires by way of keeping the buildings in good tenantable condition, is a charge upon the income and must thus be borne by the tenant for life.

I discover nothing in the seventh clause of the will creating

a trust in the executors with regard to the proceeds of real estate, if any should under the restrictions suggested, be sold. Upon such contingency the proceeds are to be deposited in a savings bank, in trust for the benefit of the person to whom the same is devised, and the deposit should be made payable to such person, after the death of the widow, to whom the interest should meanwhile be paid.

All there is of this is, that in such event the savings bank would become the trustee and guardian of the fund, during the widows life, and that the remaindermen would be entitled to receive it from the bank upon her death. But such change of the reality into personality, when the low rate of interest paid by savings bank is considered, is highly improbable under any circumstances. But it is useless to speak farther of a power which is nominal only. All the testator's personal property, consisting of chattels and movables, with the exception of what is given to his sons by the fourth paragraph of the will, is given directly to his wife. But it appears that the testator owned other personal property not included under the above description, which is disposed of by the ninth clause of the will, in these words,: "I give, devise and bequeath the rest and residue of my estate not hereinbefore mentioned, real as well as personal, after my said wife's death, to my said three children, share and share alike." With regard to the personal property disposed of by this gift, it appears to me clearly that the widow is entitled to the income thereof for life. That is implied by the gift to the children, of the principal, after her death. The fact that the children are excluded from the possession during their mothers life, is an indication that the testator designed the income for her, so long as she should live.

This subject is carefully considered by surrogate Bradford in *Doughty* agt. *Stillwell* (1 *Brad.*, 300, 310), as also in *Dale* agt. *Dale* (13 *Penn. St. R.*, 446).

The rule seems to be, that a gift to the testator's heir, after the death of A. confers on A. an estate for life by implication;

but a gift to B., a *stranger*, after the death of A., does no confer an estate on A. by implication (1 *Jar. on Wills* [*5th ed.*, *by Biglow*], 533). Unless the income gave to the widow, through such implied bequest thereof, it would be undisposed of. There is no residuary clause into which it would drop.

It is clear that the testator did not mean to leave any part of his estate outside the operation of his will. The gift of $1,000 to the daughter of the testator is not payable until after the death of the testator's wife. But doubtless with the consent of the tenant for life and others in interest it could be paid earlier. The above conclusions disposed of all the questions raised by counsel, and in accord therewith judgment must be entered for the construction of the will.