(8 App. Div. 84)          BUNYAN v. PEARSON et al.

(Supreme Court, Appellate Division, Third Department.   July 7, 1896.)

WILLS—CONSTRUCTION—WHEN LEGACY VESTS.

Testatrix devised land to her daughter M. "during her natural life," and after her death to J., the youngest son of M., "and to his heirs and assigns, forever, if he shall survive his said mother, but, in case he shall die without lawful issue before the death of his said mother, * * * unto the said M., her heirs and assigns, forever." *Held*, that J. took a vested remainder, defeasible only in the event of his dying before his mother without issue, and where he died before his mother, leaving children surviving him, the children took by descent from him. Parker and Landon, JJ., dissenting.

Appeal from special term, Otsego county.

Action by James Bunyan against John C. Pearson and Mary K. Pearson and others to foreclose a mortgage. There was judgment in favor of plaintiff, and defendants appeal. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

Frank L. Smith, for appellants.

J. William Taylor (Lynn J. Arnold, of counsel), for respondent.

PUTNAM, J.   This action was brought by the plaintiff to foreclose two mortgages given by Mary Pearson, John K. Pearson, and Mary F. Pearson, his wife. The mortgagors claimed title to the premises in question under the fifth clause of the will of Isaac Keeling, deceased, which is as follows:

"I give and devise unto my daughter Mary Pearson, wife of John Pearson, of the town of Roseboom, in the county of Otsego, aforesaid, all that certain farm and lot of land, situate in the town of Otsego, on which I now reside, and also the wood lots, and all my real estate, wheresoever situated, with the appurtenances, to have and to hold the same, and every part and parcel thereof, for and during her natural life. And after her decease I give and devise all my said lands and real estate to John K. Pearson, youngest son of said Mary Pearson, and to his heirs and assigns forever, if he shall survive his said mother. But in case he shall die, without lawful issue, before the death of his said mother, then I give and devise the said lands and real estate, and every part thereof, with the appurtenances, unto the said Mary Pearson, her heirs and assigns forever."

John K. Pearson, after the execution of said mortgages, died, leaving said Mary Pearson surviving him, and also leaving two infant children, the defendants John C. Pearson and Mary K. Pearson, who, by their special guardian, answered, setting up that the fifth clause of the will of Isaac Keeling, deceased, above quoted, only gave to John K. Pearson a contingent remainder in the mortgaged premises in case he survived his mother, which could not vest until her decease; that having died in the lifetime of his mother, leaving lawful issue, they have taken an absolute title in fee to the said premises, subject to the life estate of Mary Pearson. The trial court held that, under the provisions of the will, John K. Pearson took a vested remainder in the mortgaged premises, defeas-

ible only in the event of his dying before his mother, without issue, and that his children took the same by descent from him.

If the words, "if he shall survive his said mother," had been omitted from the said fifth clause, no doubt could have been entertained that the remainder devised to John K. Pearson vested at once on the death of the testator. Avery v. Everett, 110 N. Y. 317, 18 N. Y. 148; Coe v. De Witt, 22 Hun, 428; Grout v. Townsend, 2 Denio, 336. But it is claimed by the appellants that those words evince an intent on the part of the testator that the estate devised to John K. Pearson should not vest unless he survived his mother; that the estate so bequeathed was contingent upon such survival; that the testator evidently meant to dispose of all his real estate, and from that fact, and the language used, a devise of such remainder to the appellants, the children of said John K. Pearson, is implied. In Post v. Hover, 33 N. Y. 593–599, Judge Denio, in delivering the opinion of the court, says:

"To devise an estate by implication, there must be such a strong probability of an intention to give one that the contrary cannot be supposed. Jarm. Wills, 465. Devises by implication are sustainable only upon the principle of carrying into effect the intention of the testator, and unless it appears, upon an examination of the whole will, that such must have been the intention, there is no devise by implication."

To the same effect, see Macy v. Sawyer, 66 How. Prac. 381; Rathbone v. Dyckman, 3 Paige, 9.

I am unable, after a careful consideration of the language used in the said fifth clause, to discover that it discloses so clear an intent on the part of the testator that the appellants should take the remainder devised to John K. Pearson, in case of his death during the lifetime of Mary Pearson, that the contrary cannot be supposed. Nor are we cited to any authorities holding that in case of such a devise to one, and, if he die without leaving children, to another,—in case of the death of the former leaving issue,—such children take the estate by implication. There are authorities holding to the contrary. In 2 Redf. Wills, 204, it is said:

"A bequest to one, and, if he dies without issue, then over, will give no estate to his issue by implication, although the probable intent is very obvious."

And in 1 Jarm. Wills (6th Ed.) 555, marg. p. 524, the author uses the following language:

"As no implied estate to the issue arises, as we have seen, from a limitation over in case of the prior devisee or legatee dying without leaving issue at his decease, it should seem that there is the same absence of authorized ground for implying a gift to children from a similar limitation over in default of these objects. Accordingly, in several cases it has been considered that a bequest to a person, and if he shall die without having children or without leaving children, which means without having had a child born, or without leaving a child living at his decease, then over, does not raise an implied gift in the children; but the parent takes an absolute interest, defeasible on his dying without having had, or without leaving a child, as the case may be. The rejection of the implication in such a case is not, as already pointed out, productive of any absurdity; for it supposes the testator, by making the interest of the legatee indefeasible on his having or leaving a

child, to intend that if there are children he shall have the means of providing for them. And, even where the language of the will necessarily confines the interest of the parent to his life, the children will not generally be held to take by implication. It is extremely probable that the testator intended a benefit to them, but si voluit non dixit. But it seems that in such a case the court will lay hold of slight circumstances to raise a gift in the children, and thereby avoid imputing to the testator so extraordinary an intention as that the devisee or legatee over is to become entitled if the first taker have no child, but that the property is not to go to the child, if there be one, or its parent."

In Lytle v. Beveridge, 58 N. Y. 592, cited by the counsel for the appellants, the devise made by the testator to his son J., considered by the court in that case, was in terms of a life estate. Hence the opinion of Allen, J., referred to in points of counsel, has no application to this case. I conclude that no estate by implication was created, in favor of the appellants, under the will in question, on the death of their father during the lifetime of Mary Pearson.

As to the question whether the finding of the court below—that John K. Pearson, under the will in question, took a vested remainder in the mortgaged premises, defeasible only in the event of his death before his mother without issue—should be sustained, there may be some doubt. It is proper to bear in mind that in construing a will, while the object is to ascertain the intent of the testator (Bowditch v. Ayrault, 138 N. Y. 222, 34 N. E. 514), to that end the court can "reject words and limitations, supply them or transpose them, to get at the correct meaning." (Phillips v. Davies, 92 N. Y. 199). Also, the law favors the vesting of estates. A remainder will not be held contingent in cases where it may be held vested consistently with the intention of the testator. Moore v. Lyons, 25 Wend. 119–144. If the language of the will in question should be construed as claimed by the appellants, the remainder provided for therein could not vest during the joint lives of Mary Pearson and John K. Pearson. It is conceded that the testator, by his will, intended to effectually dispose of all his real property. Yet if the conclusion above arrived at is correct,—that there was no estate by implication in favor of the appellants,— unless the finding of the trial court is sustained, such real estate, except as to the life interest of Mary Pearson, remains undisposed of. Bearing in mind the evident and conceded intent of the testator to effectually dispose of all his real property, and the fact that this intent can only be effectuated by the construction placed upon the fifth clause of his will by the court below, and the rule laid down in Phillips v. Davies, supra, I am inclined to think that the words in said clause, "if he shall survive his said mother," should be deemed to refer to the period of enjoyment of the estate, and not to the time of its vesting. Those words should be read in connection with the following sentence, viz.: "But in case he shall die, without lawful issue, before the death of his said mother, then I give and devise said lands * * * unto the said Mary Pearson, her heirs and assigns forever." The sentence last above quoted may be deemed to indicate an intent of the testator that his son,

leaving issue, shall take the estate, whether he died before or after his mother. The said fifth clause of the will may be construed as meaning that the remainder shall vest in John K. Pearson on the death of the testator, but if said John shall not survive, and shall die before his mother, without having lawful issue, the land shall go to said Mary Pearson; that the testator gave the estate to John K., his heirs and assigns forever, and it was only in the event of John K.'s dying before his mother, without lawful issue, that he devised the lands to another person. These views are sustained by the English cases of Phipps v. Ackers, 9 Clark & F. 583, and Finch v. Lane, L. R. 10 Eq. 501. The provisions of the will considered in the case of Finch v. Lane were like those of the will under consideration. In 1 Jarm. Wills (6th Ed.) 785, marg. pp. 768, 769, the author makes the following remarks as to the case of Finch v. Lane, supra:

"In Finch v. Lane the rule was applied to a case where the apparent contingency was, not the devisee attaining a particular age, but his surviving a person to whom a prior life estate was devised. The devise was to the testator's wife for life, with remainder, as to part, to his brother for life, and from and immediately after the death of the wife, subject to the brother's interest in the part, to M. in fee, if she should be living at the death of the wife, but if M. should die before the wife, without leaving issue, then to other persons. M. died before the widow, but left issue; and it was held by Lord Romilly that the case was governed by Phipps v. Ackers, and that M. took a vested remainder."

We are not referred to any cases in this state where the question involved has been passed upon. On the authority of the cases last cited, and for the reasons above suggested, I conclude that the judgment should be affirmed, with costs.

HERRICK and MERWIN, JJ., concur. PARKER, P. J., and LANDON, J., dissent.