## HAMMOND v. CROXTON ET AL.

[No. 20,275.    Filed December 16, 1903.    Rehearing denied March
18, 1904.]

WILLS.—*Construction.*—*Life Estate With Power to Sell.*—*Remainder.*—A will
provided: "I direct that my beloved wife be made my executor and
administrator, and that she have full power to bargain, sell, and convey
any or all of my property, real or personal, by deed or otherwise, as
she may see fit, in as full and ample manner as I could do were I living;
and after her death, and not until then, the heir, if living, is to have
all that part of the property, real and personal, that may be left after
my wife's death, and her funeral expenses be paid. But if my wife sur-
vive the heir (by that I mean [naming his adopted son]), she is to dis-
pose of the whole estate, real and personal, as she sees proper." *Held*,
to give to the widow an estate for her own life with power to sell and
convey the reversion, and to the adopted son an estate in remainder,
in fee, in case he survived the widow, and to the widow an estate in
remainder in fee in the event of the death of the adopted son during
her life. *pp. 353–361.*

SAME.—*Estates.*—*Power of Disposition.*—A naked power of disposition may
exist exclusive of a beneficial interest in the donee. *p. 361.*

From Steuben Circuit Court; *P. V. Hoffman*, Special
Judge.

Suit by Edith M. Hammond against William G. Crox-
ton and others to quiet title. From a judgment in favor
of defendant Croxton, plaintiff appeals. Transferred
from Appellate Court, under subdivision 2 of §1337j
Burns 1901. *Affirmed.*

*S. A. Wood, S. A. Harper, F. S. Roby* and *E. D. Sals-
bury*, for appellant.

*F. M. Powers, W. M. Brown, C. C. Carlin, R. W. Mc-
Bride* and *C. S. Denny*, for appellees.

DOWLING, J.—Edward T. Hammond was the owner of
certain lands in Steuben county, in this State. He died
February 26, 1875, testate, leaving his widow, Frances
Hammond, and an adopted son, Arthur K. Hammond, as
his sole heirs at law. By his will, which was duly admit-

ted to probate, he disposed of his estate as follows: "First. I direct that my body be decently interred, and the funeral expenses, together with all my other outstanding debts, be first paid; and as to such worldly estate as it has pleased God to entrust me with, I direct as follows, to wit: I direct that my beloved wife be made my executor and administrator, and that she have full power to bargain, sell, and convey any or all of my property, real or personal, by deed or otherwise, as she may see fit, in as full and ample manner as I could do were I living; and after her death, and not until then, the heir, if living, is to have all that part of the property, real and personal, that may be left after my wife's death, and her funeral expenses be paid. Her funeral and mine both to be conducted in a manner corresponding with our manner of life and estate. But if my wife survive the heir (by that I mean Arthur K. Hammond), she is to dispose of the whole estate, real and personal, as she sees proper."

At the death of Edward T. Hammond, his widow, Frances, took possession of all the property, real and personal, left by her husband, paid his funeral expenses and debts, appropriated the personal property to her own use, and occupied and enjoyed the real estate as long as she lived. None of the land was sold or conveyed by her. She did not qualify as executrix, and the estate of her husband was settled out of court. August 27, 1888, the said Frances Hammond, widow of Edward T., died testate, and by her will she devised all her estate to Nancy J. Hammond, the wife of the said Arthur K. Hammond, and to Clyde E., Schuyler C., and Edith May Hammond, the children of Arthur K. and Nancy J. Hammond. On the death of Frances Hammond, Arthur K. Hammond took possession of the lands left by Edward T. Hammond, and on October 21, 1895, he executed a mortgage, in which his wife joined, to the appellee Croxton to secure the payment of a debt of $2,600. November 12, 1895,

Arthur K. Hammond and wife executed a second mortgage on the same lands to their son, Clyde E. Hammond, to secure the payment of a debt of $1,387.19. After the debt to the appellee Croxton became due, he brought suit in the Steuben Circuit Court to recover the same, and to foreclose his said mortgage, making Arthur K. Hammond and wife, Clyde E. Hammond, and certain other persons claiming liens, defendants. Arthur K. Hammond and wife made default. Clyde E. Hammond filed a cross-complaint to foreclose his mortgage. Judgments were rendered in favor of Croxton and Clyde E. Hammond for the amounts due to them, respectively, for the foreclosure of the mortgages, and the distribution of the proceeds of the sale of the mortgaged premises. The lands were sold under the decree of foreclosure, and the appellee Croxton became the purchaser. No redemption having taken place, at the expiration of one year from the date of the sale the sheriff executed a deed for said lands to Croxton, and by virtue of this deed he claims to be the owner in fee of the real estate so sold. After this sale to the appellee Croxton, the appellant Edith M. Hammond, claiming to be the owner in fee of the undivided one-fourth of the said real estate, as one of the devisees under the will of the said Frances Hammond, brought this suit for partition and to quiet her title to said part of said lands. Nancy J. Hammond, Schuyler C. Hammond, and Clyde E. Hammond, who were the wife and other children of the said Arthur K. Hammond, were made defendants, and were alleged to be the owners, each, of an undivided one-fourth of said lands under the will of the said Frances Hammond. William G. Croxton, the appellee herein, was also made a party because he asserted title to said real estate.

The finding and judgment of the circuit court was in favor of Croxton, and the case comes here upon the evidence, concerning which there is no dispute.

The proper decision of this controversy depends upon the construction to be put upon the will of Edward T. Hammond, deceased. It is contended by the appellant Edith May Hammond that this will gave to the widow, Frances Hammond, an estate in fee simple, and that Arthur K. Hammond took nothing by its provisions. On behalf of the appellee Croxton it is insisted that Frances Hammond took an estate for life only under the will of her husband, and that Arthur K. Hammond held the remainder in fee. It is to be observed that the will of Edward T. Hammond makes no express devise to his widow. Whatever estate is given to her, she takes by implication only.

Neither is the property devised to the widow as executrix. The words of the will, "I direct that my beloved wife be made my executor and administrator," refer simply to that appointment, and may be read as an independent clause of the will, wholly disconnected from the succeeding sentences which authorize the widow to bargain, sell, and convey the property left by the testator, and which provide for the succession to the estate. While in terms expressly devising nothing to the widow, the will does give her power to bargain, sell, and convey the property, real and personal, by deed or otherwise. What was the intention of the testator? Did he design to give his widow a fee, or a life estate, with power to dispose of the reversion? If, either expressly or by implication, the will shows a purpose to give the property to the widow in fee simple, then that purpose must prevail, although the formal expression of such intention may be inapt and ambiguous. The rule in such cases is very distinctly stated in *Mulvane* v. *Rude,* 146 Ind. 476, 482, 483, in these words: "When real estate is given absolutely to one person with a gift over to another of such portion as may remain undisposed of by the first taker at his death, the gift over is void as repugnant to the absolute property first given; and it is also es-

tablished law that where an estate is given to a person generally or indefinitely with a power of disposition, it carries a fee, and any limitation over is void for repugnancy. [Citing many authorities.] · The only exception to this rule is where the testator gives to the first taker an estate for life only, by certain and express terms, and annexes to it the power of disposition. In that particular and special case, the devisee for life will not take an estate in fee, notwithstanding the naked gift of a power of disposition. [Citing authorities.]"

The provisions of the will in *McMillan* v. *Deering & Co.,* 139 Ind. 70, were very similar to those of the will in this case, but there the controversy was upon a deed executed by the widow pursuant to the power. The court held that the widow took an interest in the land, without saying what interest, and that the will authorized her to convey the land in fee. It is a general rule of construction that an inheritance in fee passes where incidents of *jus disponendi* are annexed to the gift, as to A "to give and sell," "to be at his discretion," "to give away at his death to whom he pleases," "to do what he will with it," and the like. Schouler, Wills (3d ed.), §549; 2 Jarman, Wills, 274, 275; *Jennings* v. *Conboy,* 73 N. Y. 230; *Purcell* v. *Wilson,* 4 Gratt. (Va.) 16; *Lakeman* v. *Butler,* 17 Pick. (Mass.) 436, 28 Am. Dec. 311.

It is said in 4 Kent's Comm., 535, 536, that "it does not require the word 'heirs' to convey a fee; but other words denoting an intention to pass the whole interest of the testator, as a devise of all my estate,  *  *  *  and many other expressions of the like import will carry an estate of inheritance, if there be nothing in the other parts of the will to limit or control the operation of the words. So if an estate be given to a person generally or indefinitely, with a power of disposition, it carries a fee; unless the testator gives to the first taker an estate for life only, and annexes to it a power of disposition of the reversion. In

that case, the express limitation for life will control the operation of the power, and prevent it from enlarging the estate to a fee."

By the will in this case a power to sell and convey was given to the widow. But no estate was given to her absolutely nor generally, or indefinitely, with the power of disposition. The will, therefore, does not fall within the rule stated in *Mulvane* v. *Rude, supra*. There is in the will an express limitation for life, and this, in our opinion, is sufficient to control the operation of the power and prevent it from enlarging the estate to a fee. *Fenstermaker* v. *Holman,* 158 Ind. 71. The will does devise an estate in fee, in remainder, to Arthur K. Hammond, the adopted son of the testator. It declares that after the death of the widow, and not until then, the heir, if living, is to have all the part of the property, real and personal, that may be left after the death of the widow. A subsequent clause provides for a second contingent remainder in fee to the widow, in these words: "But if my wife survives the heir (by that I mean Arthur K. Hammond), she is to dispose of the whole estate as she sees fit." These two provisions, and especially the latter, seem inconsistent with an intention of the testator to give to his widow an estate in fee by the previous clause of the will. If a fee was given to the widow, it could not, as we have seen, be cut down by other provisions of the will. But to arrive at the intention of the testator, all the provisions of the will must be read together, and harmonized, if possible, so as to give effect to each, unless some positive rule of law prevents such construction. This will was inartificial and extremely indefinite. All its important provisions are contained in a single item. The several connected and inter-related clauses must be read together, and the intention of the testator extracted from the whole of them, if possible. The limitation of an estate given to a tenant for life need not necessarily be

placed in the first clause which makes him a beneficiary under the will.

As we have before stated, there is in this will no direct or express devise of any estate whatever to the widow, either for life or in fee. To determine the intention of the testator, it is absolutely essential that the whole will be considered, and that from its several parts the court shall determine whether the widow took any, and, if so, what interest in the property left by the testator. It is said in Schouler, Wills (3d ed.) §561: "A devise, whether absolutely or for life, will be raised by implication under a will, where the context requires it and the devise is not expressed in terms. Thus the gift of the rest and residue of one's estate to his children after the death of the wife creates a life estate in the wife by implication." *Macy* v. *Sawyer,* 66 How. Pr. 381; *Sisson* v. *Seabury,* 1 Sumn. 235; *Hill* v. *Thomas,* 11 S. C. 346; 1 Jarman, Wills (6th ed.), 533.

Applying these rules to the will before us, we are of the opinion that it should be so construed as to dispose of the estate of the testator as follows: (1) To the widow, an estate for her own life, with power to sell and convey the reversion; (2) to the adopted son, Arthur K. Hammond, an estate in remainder, in fee, in case he survived the widow; (3) to the widow, an estate in remainder, in fee, in the event of the death of the adopted son during her life.

Finding no error in the record, the judgment is affirmed.

The death of the appellee William G. Croxton after the submission of this cause having been suggested, it is ordered that judgment be rendered as at the term at which the submission was made.

## On Petition for Rehearing.

Dowling, J.—We are asked to grant a rehearing in this cause, chiefly on grounds fully discussed in the original

briefs, and which were carefully considered when the case was decided.

In addition to the reasons formerly presented by counsel for a reversal of the judgment, it is now contended that the decision is in conflict with the rule announced in *Mulvane* v. *Rude,* 146 Ind. 476. This case is readily distinguishable from that one. In *Mulvane* v. *Rude, supra,* the first and fifth items of the will were as follows: "First. I give and bequeath to my beloved wife, Sophia D. Folsom, in lieu of her interest in my lands, all my real estate in said town of Worthington, known and designated * * * as lots twenty-one, twenty-two, and the south half of lot twenty-three, with all the appurtenances thereto belonging, and all the household and kitchen furniture, pictures, ornaments, and all other personal property of every description whatever belonging to me at the time of my decease, except money on hand or on deposit, notes, bills, bonds, and judgments of which I may be possessed at said time. Fifth. * * * And now, having full confidence in the judgment of and integrity of my wife, and there being a strong probability that she may survive me for some years, and fearing that some of my heirs may be unworthy of any special bequest before the decease of my said wife, I have therefore made the terms of this will as hereinbefore written, and will add the following suggestions to my said wife: that whatever part of the legacies hereinbefore made to her and shall not have been expended or otherwise disposed of by her, may, at her decease, be given by her to such of my legal heirs as in her judgment shall need and would make good use of the same. But in case my wife should die intestate, whatever part or amount of the real and personal property hereinbefore willed to her which shall remain unexpended or otherwise undisposed of by her at her decease, I do will and bequeath to my daughter, Emily J. Mulvane, and her heirs." In giving a construction to the above will this court said: "Under these rules

counsel for appellant admit that the first item considered alone without regarding the fifth item, gave to the widow the real estate in fee simple and the absolute title to the personal property." It was held, therefore, that the widow, Sophia D. Folsom, took an absolute title to the property in controversy, and that the devise over to the appellant Emily J. Mulvane was void because repugnant to the grant of the absolute estate first given to the widow.

In the case before us the real estate was not given absolutely to the widow of Edward T. Hammond, nor was it devised to her generally, or indefinitely with a power of disposition. The Hammond will in terms gave no estate or property whatever to his widow. It conferred on her a naked power of disposition, and nothing more. Such a power may exist exclusive of a beneficial interest in the donee. Whatever interest Frances Hammond took under the will arose from implication only.

The rules announced in *Mulvane* v. *Rude, supra,* are expressly recognized and approved in the original opinion. But the language of the two wills differs in every essential particular. The devise to the widow in *Mulvane* v. *Rude, supra,* is express; while here no estate or interest whatever is described, and a naked power of disposition only is given. The same item of the will which confers on the widow a power to sell, plainly indicates the intention of the testator to create two estates, inconsistent with his supposed purpose to give to the widow an estate in fee simple.

We can discover no reason for any change of the original opinion herein and the petition for a rehearing is overruled.