In re Estate of Myrtle Petersen, Deceased.

**WILLS:** Construction—Bequests—Trusts—"Use and Benefit." A devise to a trustee, "to be received and held in trust by her for the *use and benefit* of my child until such child becomes of age and at that time said property shall go to and become vested in him. If said child shall not live until he reach the age of 21 and leave no children then share given to vest in trustee as her own," did not give said child during his minority the right to the rents and profits derived from the trust; and the words *"use and benefit"* are descriptive of the *character* of the trustee's holding, and do not enlarge the rights of the minor in or to the property.

*Appeal from Buena Vista District Court.*—James Deland, Judge.

March 21, 1919.

Rehearing Denied July 7, 1919.

Action to construe a will. Opinion states the facts.— *Affirmed.*

*Healy & Faville,* for appellant.

*Guy E. Mack* and *Price & Hanson,* for appellee.

Gaynor, J.—This is an appeal from the action of the court in construing a will. It appears that, on and prior to the 10th day of August, 1916, Myrtle Wart Petersen was the owner of certain real estate and personal property, and on that date made a will. The parts material to this controversy only we set out:

"Second. I hereby devise and bequeath to my husband, P. N. Petersen, the statutory share of my property of which I die seized, it being my desire that he shall receive the same portion of my estate that he would if I did not make a will.

"Third. I hereby devise and bequeath to my mother all the rest and residue of my property granting to my said mother Anna Wart all of said property to be received and *held* in trust by her for the use and benefit of my child John Peter Petersen until such child shall become of age and at that time, upon such child coming of age the said property shall go to and become vested in him. If said child shall not live until he shall reach the age of twenty-one years and leave no children then the share herein given to said trustee shall vest in her absolutely as her own.

"That I hereby name and appoint my mother as executor of this will and my estate to act without bond and I hereby direct that as trustee of the property for my boy my mother shall hold title as trustee for him, act without bond and with authority to act regarding the property without order of the court."

On her death, the will was duly probated and Anna Wart, mother of the testatrix, appointed executrix.

At the time of her death, testatrix left surviving her a husband, Peter Petersen, Jr., her mother, Anna Wart, and a son, known in the record as John Peter Petersen. After the probate of the will, Peter Petersen, Jr., the father of John Peter Petersen, was duly appointed guardian of the son, and at the time of the commencement of this proceeding, was acting as such.

On the 24th day of April, 1918, John Petersen, Jr., father and guardian of John Peter Petersen, filed an application in the district court, alleging that doubts had arisen as to the true interpretation to be given to Paragraph 3 of the will, and claiming that, under a true interpretation, the trustee holds the property in trust for the minor, and that the minor, during his minority, is entitled to receive from said trustee income, rents, profits, and benefits derived and received by said trustee from said property.

The contention of the trustee is that she *holds* said

property for the use and benefit of said minor, John Peter Petersen, until he reaches the age of 21; that she is not required to account for any of the rents or profits to the minor or his guardian, until such time arrives, and then only in the event that he lives to be 21.

The question, therefore, is whether or not this will gives to the minor, John Peter Petersen, the income, rents, and profits derived from the property in the hands of the trustee, during his minority.

It is apparent that the legal title to the property devised vested in the trustee, Anna Wart; that the vesting of that title in the boy is contingent upon his reaching the age of 21. It is apparent that, during his minority, the title does not and cannot vest in him, under the terms of the will. His becoming of age was a condition precedent to the vesting of any title in him. His death before that time prevents the vesting of title in him. The will clearly indicates that it was the intention of the testator that the title should not vest in the minor during his minority, and as clearly that it should never vest in him if death came before he reached his majority. There is nothing to indicate that the testator intended to separate the rents, profits, and income of the property from the property itself. There is no direct gift of the rents, profits, and income to this minor. All his rights in the property are dependent upon his living to the age of 21 years.

It is contended, however, that, inasmuch as the devise or bequest was made to the trustee, Anna Wart, in trust *for the use and benefit* of John Peter Petersen, until he was 21 years of age, this indicates a purpose on the part of testatrix that he should enjoy the income, rents, and profits of the property during his minority, and that, therefore, under this interpretation of the will, it was the duty of the trustee to pay to him, or his legally appointed guardian, the rents and profits as they accumulated during his minority. It will

be noted from the third paragraph of the will, and from what is said in the fifth paragraph, that the property was devised and bequeathed to Anna Wart, to be received and *held* by her in trust until the child, John Peter Petersen, should become of age; that, upon his becoming of age, the property should go to him and vest in him as his own. The words "use and benefit" limit the character of the holding, and do not refer to the rents and profits that accrue in the holding. The will gives the legal title to the trustee, and directs her to receive and *hold* the same until the child becomes of age, and to hold it for his use and benefit until he becomes 21 years of age. If he dies before he is 21 years of age, and leaves no child, the property vests in the trustee absolutely. If he dies before he is 21 years of age, leaving children, then, of course, the title does not vest in the trustee, but it surely does not vest in the boy. There is no direction in the will as to this vesting of title in the event he die before he reaches 21 years of age, leaving children. We think the words "for the use and benefit" limit the holding. It means simply that the trustee shall hold the property for the use and benefit of the minor until he shall reach 21 years of age, and then the property, with its accumulations, shall go to him. We think the words "use and benefit" do not enlarge the rights of the minor in or to the property, but are descriptive of the character of the trustee's holding. The holding of the trustee then ceases, and the property, with its accumulations, passes to the minor; but not before.

We have not been cited to any authorities directly bearing upon the question here under consideration, nor have we found any directly helpful in the solution of the question submitted. However, as bearing on the question, see *In re Fritts' Estate,* 19 Misc. (N. Y.) 402 (44 N. Y. Supp. 344); *Smith v. Parsons,* 146 N. Y. 116 (40 N. E. 736).

The trial court found the guardian not entitled to the

rents and profits, and dismissed the petition of the guard-
ian. We think this action is right, and it is—*Affirmed.*

LADD, C. J., EVANS and STEVENS, JJ., concur.