In the Matter of the Estate of HENRY GRAVES, 3D, Deceased.

Surrogate's Court, Westchester County, January 20, 1931.

*Cullen & Dyckman* [*Ralph W. Crolly* of counsel], for Brooklyn Trust Company, as successor trustee.

*Robert P. Smith*, special guardian.

SLATER, S. One-third of the estate of the decedent is set up in trust for Margaret A. Dickson Hewitt. The remaining two-thirds of the estate is given to the decedent's three infant children in equal shares. The gifts are in the following words of the will:

" One-third part thereof to my executor and trustee hereinafter named in trust for the following purpose, namely: To invest and reinvest the same and to pay the income thereof to said Margaret A. Dickson during the term of her life and upon her death to pay over and distribute the principal of said fund to any child or children born of such marriage and if there be more than one in equal shares, and in the event of the death of any such child or children to the issue of such child or children so dying in equal shares *per stirpes.* And in default of any child or children to my then surviving brothers and sisters and to the issue of any deceased brother or sister in equal shares *per stirpes.*

" Two-thirds parts thereof to any child or children born of such marriage and if there be more than one in equal shares, and in the event of the death of any such child or children to the issue of such child or children so dying in equal shares *per stirpes.* And in default of any child or children to my then surviving brothers and sisters and to the issue of any deceased brother or sister in equal shares *per stirpes.* *I direct that the share of any child or children shall be held in trust by my executor and trustee* during the minority of such child and *the principal of the share shall* be paid to the child on arrival at the age of twenty-one years."

The gift to the children was outright, but provision was made for the withholding of possession of the property devised and bequeathed so that the share of any child shall be held in trust during minority and the *principal* shall be paid on arriving at the age of twenty-one years.

The question arising by objection of the special guardian is whether the income upon the property owned by the infants shall be accumulated by the trust company or paid over from time to time by it to the general guardian of the infants.

It must be admitted that no express words were used in the will directing the accumulation of the rents and profits. If there is any direction, such is by implication, and if such direction is by implication, it is a valid direction.

In *Matter of Fritts* (19 Misc. 402) the terms of the will created a trust with directions to pay over certain proportions to certain persons upon their arriving at the age of twenty-one years. The court held that there was an implied direction to accumulate the rents and profits, saying it was the duty of the trustee to accumulate the profits. In such a case the court could have held either way without doing violence to reason.

In *Matter of Hazelton* (119 Misc. 389) the will directed the withholding of payments of the entire estate until a certain period and said that $500 was to be paid on a certain date and annually

thereafter and $800 if the person should marry. The court held that there was a direction for implied accumulations, holding that payments of $500 and $800 should come out of both principal and income.

In *Matter of Segura* (110 Misc. 624) there was no direction in the will for the accumulation of surplus income. The court said that apparently the testatrix contemplated an accumulation of income as she directed her trustees to invest all or any trust moneys including unexpended income and profits. In that case, the accumulations were held void and the surplus money was paid over to one presumptively entitled to the next eventual estate.

In *Matter of Kohler* (231 N. Y. 353, 374) the court said that there was no provision in the will for the payment of interest that may be received on these several amounts (meaning amounts of trust estate). The court held that the income was undisposed of, and, as there was no valid direction for the accumulation of income, such income should be paid to the persons presumptively entitled to the next eventual estate.

The persons presumptively entitled to the next eventual estate are those who are entitled to the estate which is to take effect at the end of the period during which the rents and profits are undisposed of or are invalid accumulations (*Matter of Kohler, supra,* at p. 376).

In my opinion, *Matter of Fritts (supra)* and *Matter of Hazelton (supra)* are to be distinguished from the facts in our case. In the instant case, the testator, after directing that the share shall be held in trust, further directed that the *principal* of the share shall be paid to the beneficiary on arriving at the age of twenty-one years. In the other cases, the words of the decedents were understood by the court to mean the withholding of the rents and profits, so that at the time of turning over, the estate would consist of both principal and income. The testator's intention is the guiding thought in the construction of a will. It would appear that he clearly intended that the income was to be paid over from time to time to the general guardian of the infants and that there be held in the trust only the *principal* which was to be paid upon the infant's arrival at the age of twenty-one years. Words are never to be rejected as meaningless or repugnant if by any reasonable construction they may be made consistent and significant. (*Matter of Buechner,* 226 N. Y. 440, 443.) To give mean ng to the word "principal" negatives the theory of implied accumulations.

In those cases where the rents and profits are directed to be withheld or where there is an implied direction to accumulate, section 62 of the Real Property Law gives power to the court

, to direct a suitable sum out of such rents and profits to be applied to the maintenance and education of the infant.

I shall hold that the rents and profits arising from the trust funds held for the infants in the instant case shall be paid from time to time by the trustee to the general guardian of the said infants as the persons entitled to the next eventual estate. A further bond will be required of the general guardian.

The court is not concerned with any phase of the matter except the legal one.

Submit decision in accordance with these facts.