In the Matter of the Judicial Settlement of the NATIONAL COMMERCIAL BANK AND TRUST COMPANY OF ALBANY, as Executor of the Last Will and Testament of JOHN FRANK HAZELTON, Deceased.

Surrogate's  Court, Schoharie County, October, 1922.

Trusts — wills — payment of annuity to son — when amount first payable from income, deficiency from principal — unlawful accumulation of balance of income — surplus income payable to beneficiary as person presumptively entitled to the next eventual estate.

A testator gave all his property, real and personal, to his executors in trust with direction to pay on a certain date after his decease the sum of $500 to his son and a like sum annually for eight years with proviso that if the son should marry and have a wife or child living such annual payments should be increased to $800 from a certain date succeeding his marriage, for ten years.   The will, executed seven years before the death of the testator, directed that at the expiration of the ten years' period all the rest, residue and remainder of his estate should be paid over to his son to whom an unconditional bequest was made of specific articles of personal property.   Upon the judicial settlement of the accounts of the executor and for a construction of the will, testator's son, who it was conceded is now about fifty-five years of age and has never married, claimed he was entitled to all the interest and income of the estate and in addition $500 annually to be paid from the principal so long as he remained

unmarried, and $800 annually should he marry during the ten-year period. *Held*, that testator's intention that the $500 and the $800 should first be paid out of income was in accordance with the law and to that extent should be carried out, but his intention to allow the surplus income to accumulate until the expiration of the ten years could not be carried out, as it runs counter to the statute; that the beneficiary of the trust was entitled to the surplus income, if any, as the person presumptively entitled to the next eventual estate, and if the income was insufficient to meet the annuity the deficiency to be paid out of principal.

PROCEEDING to settle accounts of executor and for a construction of the will.

*Arthur L. Andrews*, for executor and trustee.

*Burritt B. Johnson*, for Henry I. Hazelton and Luther Ensign.

BEEKMAN, S. The proceeding for the judicial settlement of the accounts of the executor having regularly come on before the court, Henry I. Hazelton, by his attorney, demanded a construction of the will of the said deceased. The disposing parts of the will are as follows:

"*First.* After all my lawful debts are paid and discharged, I give, devise and bequeath all of my property, real and personal, as hereinafter set forth, to wit: Not deeming it advisable that my son, Henry Isham Hazelton, shall come into possession of such property as I shall leave at once, I have concluded to give the same in trust to my executors to be disposed of and paid over as hereinafter provided, to wit: Five hundred dollars to be paid to him on the first day of April after my decease, and the like sum of five hundred dollars be paid to him annually on the first day of April thereafter for eight years, provided that if he shall marry and have a wife or child living, such annual payments of five hundred dollars shall be increased to Eight hundred dollars from the first day of April next succeeding such marriage, for ten years. And at the expiration of said ten years after my decease, it is my will and I direct that all the rest residue and remainder of my property, real and personal, be transferred and paid over to my said son, Henry I. Hazelton, if living, or if he shall die before that time leaving neither widow nor child, then I will and direct that such residue and remainder of my property go at once to my legal heirs of my own blood; but if he shall die leaving a widow and child or children, then it is my will and I direct that such residue and remainder of my property be transferred and paid over to said widow and child or children, share and share alike, without delay. All my books, furniture, commissions, pictures, jewelry, gold watch and chain, I give and bequeath to my son, Henry Isham, unconditionally."

The will was executed on the 16th day of July, 1914. The testator died on July 20, 1921. It is conceded that Henry I. Hazelton, the son, was fifty-five years of age on March 16, 1922, that is, he was about forty-seven years of age at the time of the execution of the will, and has never married.

According to the accounts the gross amount of the estate is about $20,000. The son claims that he is entitled to all the interest and income of the estate and in addition $500 annually to be paid from the principal as long as he remains unmarried, and $800 annually should he marry during the ten-year period. It is obvious that no reason is given in the will why the testator wishes to defer the time when his son shall come into possession of his estate. However, it is first necessary to ascertain as nearly as possible what his intention was, the matter of carrying out the intention of the testator so far as the law will permit being the first consideration in the construction of all wills.

It is reasonable to presume that the testator knew that the trust fund would be invested at interest. He appointed a trust company as executor. From the inventory of his estate, filed with the court, and from the accounts as well, it appears that nearly the entire amount of his estate was during his lifetime invested in interest-bearing securities and deposits in savings banks. It would be contrary to reason and common sense to assume that he had left the matter of interest entirely out of account in the scheme of his will. He has fixed a certain amount to be paid out by his trustee yearly. The will is holographic. No doubt he was not aware of the fact that under the laws of this state there can be no accumulation of interest beyond the expiration of minority. The maxim that every one is presumed to know the law does not apply in its entirety in arriving at the testator's intention in making his will. I am of the opinion that his intention was that the $500 and the $800 should first be paid out of income. To that extent the testator's intention is in accordance with the law and can be carried out. His intention to allow the surplus income to accumulate until the expiration of ten years cannot be carried out, as it runs counter to the statute. In this connection *Rowe* v. *Lansing*, 53 Hun, 210, may be referred to. In that case the testator provided that his executor should pay his widow $100 annually during life. The court said, " The testator did not say that it should be paid out of the income; he pointed out no principal from which to raise it," and held that it was his intention that if the income should be insufficient the principal should be applied to make up the deficiency.

In case the testator herein had intended that his son should

have the $500 or $800 out of the principal in addition to the income, it would have been natural for him to have said, " Payable out of principal in addition to the interest and income " or " together with interest and income " or words to the same effect. The certainty and plainness with which he fixed the amount payable to his son must be read together with his explanation " Not deeming it advisable that my son shall come into possession of such property as I shall leave at once," etc. He postpones the time of possession as well as fixes the amount payable in the meantime. A point is made by the son that the will says, " rest, residue and remainder of my property, real and personal, be transferred and paid over to my said son," and that the words " rest, residue and remainder " imply that the sums payable should be taken from the principal. The words quoted may with equal or greater force support the argument that the testator intended that the surplus, if any, of interest and income over and above the $500 or $800 should be added to principal and thus swell the " rest, residue and remainder " to be distributed at the end of ten years.

The case *Matter of Lehre*, 72 Misc. Rep. 565, claimed by the attorney for the son to be an authority in favor of his contention, is plainly distinguishable from this case, since in that case the will, which is not quoted in the opinion, as I find on investigation, contained language no wise similar to the will at bar.

*Matter of Kohler*, 231 N. Y. 353, cited by the attorney for the son, is also distinguishable, for in that case the sum of $25,000 which was payable to certain persons was held to be payable out of income.

The question as to where the surplus of interest and income over and above the $500 or the $800 shall go, needs no extended discussion. Real Prop. Law, §§ 61, 63; Pers. Prop. Law, §§ 11, 16; *Manice* v. *Manice*, 43 N. Y. 303, 376–385.

The $500 in case the son remains single, or the $800 in case he shall be married and have a wife or child living, shall be paid annually first out of income on the trust fund together with surplus income over and above the said respective amounts, Henry I. Hazelton taking such surplus of income under the statute as the person presumptively entitled to the next eventual estate until the expiration of ten years from the death of the testator or so long as he shall live during said ten years, and in the event that the annual interest and income should be less than $500 in case he remains unmarried or less than $800 in case he shall marry and have a wife or child living, then the deficiency shall be paid from the principal fund, and at the end of said term of ten years

from the death of the testator the principal trust fund shall be payable to said Henry I. Hazelton, if living, and in case of his death prior to the expiration of ten years from testator's death payable as provided in the will according to the contingencies therein specified.

Decreed accordingly.