IN THE

# SUPREME COURT

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, MAY TERM, 1916, AND NOVEMBER
TERM, 1916, IN THE ONE HUNDREDTH AND THE
ONE HUNDRED AND FIRST YEARS OF
THE STATE.

---

### BROOKOVER ET AL. *v.* BRANYAN ET AL.

[No. 22,803. Filed May 22, 1916.]

1. WILLS.—*Nature of Estate Devised.—Statute.*—The common-law rule that a general devise of realty, without defining the devisee's interest, gives only a life estate, is in force in this state, although modified by §3123 Burns 1914, §2567 R. S. 1881, providing that a devise, in terms denoting the testator's intention to devise his entire interest in all his real or personal property, shall be construed to pass the entire estate.   p. 5.

2. WILLS.—*Construction.—Rules.—Intent of Testator.*—In seeking the testator's intent courts must consider all relevant portions of the will, and may also view it in the light of the testator's surroundings when it was executed.   p. 6.

3. WILLS.—*Construction.—Estate Devised.*—A general devise of realty coupled with a power of disposition limited solely to sales of the land for the "use" of the devisee is not sufficient to convey a fee-simple title.   p. 6.

4. WILLS.—*Estates Created.—Words of Limitation.*—A limited power of disposition is repugnant to the idea of a devise of a fee simple which is consistent only with the theory of unlimited power to convey and devise, while a power to convey the fee is entirely consistent with a devise for life.   p. 6.

5. WILLS.—*Construction.—Power of Devisee to Sell "for Her Use."*—Where a testator made a general devise of lands to his widow, giving her the power to sell the real estate "for her use," the testator employed the word "use" as synonymous with proper and comfortable support and maintenance of the widow according to the value of the estate and her station in life.   p. 7.

6. WILLS.—*Construction.—Life Estates with Limited Power of Conveyance.*—Where a devise in a will made a general bequest of realty to the testator's widow coupled with a power of sale solely

for "her use," with the remainder of the estate to one of testator's daughters at whose death the estate was to be divided among testator's children, the intention of the testator, as ascertained by viewing the will as a whole and by a consideration of the evidence, is held to be that the widow should take a life estate only in the land with the right to sell so much thereof as might be necessary for her support; that whatever remains at the widow's death should go to the daughter for life; and that on the testator's death his children should become invested with a fee-simple title, subject to the limited power to convey and to the life estates of the widow and such daughter.    p. 7.

7.  WILLS.—*Construction.—Intent of Testator.—Legality.*—In construing a will, the intent of the testator must be given effect unless it violates some legal rule.    p. 8.

8.  APPEAL.—*Assignment of Error.—Waiver.*—Consideration of questions in relation to errors assigned as a cause for reversal is waived where appellant fails to comply with Rule 22 of the Supreme and Appellate Courts in the preparation of his brief. p. 9.

From Adams Circuit Court; *James P. Merryman*, Judge.

Action by Lucinda Branyan and others against Aseal Brookover and others. From a judgment for plaintiffs, the defendants appeal. (Transferred from Appellate Court under §1405 Burns 1914, Acts 1901 p. 590.)    *Reversed.*

*J. W. Moffett, C. K. Lucas, Heller, Sutton & Heller* and *Lesh & Lesh*, for appellants.

*R. A. Kauffman, C. A. Yotter, C. W. Watkins* and *C. A. Butler*, for appellees.

MORRIS, J.—Action by appellees to quiet title. The complaint alleges that appellees are the owners in fee simple of the undivided one-third of certain real estate, subject to a life estate therein owned by Mary Ann Brookover, a defendant in the action. On the issues joined there was a trial by the court with special findings of fact and conclusion of law, and judgment for appellees. Error is assigned on the conclusion, which involves a construction of the

will of George W. Brookover. From the findings it appears that George W. Brookover died testate in 1879, the owner of the land in question, comprising 370 acres, and leaving as his heirs his widow, Eliza J. Brookover, his children, Andrew J., Aseal, Mary Ann and Walter Brookover, Margaret B. Spencer and Ida Kauffman and two grandchildren, Gussie B. Best and Lucinda Best, children of his deceased daughter, Lucinda. His will, so far as pertinent here, reads as follows:

"Item second. I will and bequeath to my wife Eliza J. Brookover all my property both real and personal, including notes and accounts, giving her the power to sell and convey any and all of my real estate for her use.

"Item 3rd. If any of said property should be left at the death of my wife, it is my will that all of such property so left shall go to my daughter Mary Ann Brookover, if she should then be living.

"Item 4th. Upon the death of my wife and the death of my daughter Mary Ann Brookover, their funeral expenses and just debts be paid, then I desire that whatever property may be left may be equally divided among my heirs, viz.: Andrew G. Brookover, Aseal Brookover, Mary Anna Brookover, (Lucinda Best, daughter of George W. Brookover, being deceased) her heirs, viz.: Gussie B. Best and Lucinda Jane Best, Walter L. Brookover, Margaret B. Brookover (now Spencer) and Ida A. Brookover (now Kaufman).

"Item 5th. I will and bequeath to my daughter Mary Anna Brookover One Thousand Dollars already deposited in Bank for her— the interest to be used for her benefit and the principal if necessary for her use—it being a gift to her extra of my heirs. If anything be left at her death it is to be equally divided between my heirs. In addition to this I have heretofore had assigned to my daughter Mary

Anna, notes mortgages given by James Archie to the amount of above One Thousand Dollars. I want this mortgage or the proceeds of it to belong absolutely to her—to be used for maintainance and support. If anything be left from it at her death I desire whatever may be left to be divided equally among my heirs."

After testator's death, Gussie B. Best married Charles A. Yotter, appellee, and died testate leaving her husband as her sole beneficiary. Lucinda Best, appellee, married Everett C. Branyan. Ida Kauffman died intestate in 1889, leaving Roscoe A. Kauffman, her husband, and Edna M. Kelly, appellees, as her sole heirs. Testator's widow died testate in 1910, and by her will devised the land in controversy to certain of the appellants. Said Mary Ann Brookover is, and was when the will was made, a person of unsound mind, and has a guardian. Testator's widow never made any sale or conveyance of the land, and the record title thereto remains as at testator's death. The court also found certain facts in relation to an action to quiet title instituted by appellants against appellees in 1897, but in view of the conclusion reached here, we deem it unnecessary to set out such findings. The court concluded that appellees are the owners in common of the undivided one-third of the land, subject to a life estate therein held by Mary Ann Brookover, and that they are entitled to a judgment against appellants quieting their title. Appellants' separate motions for a new trial were overruled.

Counsel for appellants contend that the will devised to testator's widow a fee-simple estate, and in support of that contention invoke the rule declared in *Cameron* v. *Parish* (1900), 155 Ind. 329, 336, 57 N. E. 547, as follows: "Where an estate　*　*　*　is generally and indefinitely given

to a person with *full power of disposition*, in the absence * * * of an express mention to show that the estate given is limited to the life of the donee * * * such devise * * * carries with it a fee simple * * *." (Our italics.) They further contend, pursuant to the rule declared in *Mulvane* v. *Rude* (1896), 146 Ind. 476, 45 N. E. 659, that where an estate in fee simple is devised to a person a gift over to another of such portion thereof as may remain undisposed of by the first taker at his death is void for repugnancy. Appellees contend that the widow was devised a life estate only, with a limited power of disposition added; that on testator's death the fee simple vested in testator's children (except Mary Ann) and the two grandchildren, subject to life estates in favor of the widow and Mary Ann, and also to the widow's power of disposition, which was never exercised. The common-law rule that a general devise of realty, without defining the devisees' interest, gives only a life estate, remains in force here, although modified by §3123 Burns 1914, §2567 R. S. 1881, which provides that a "'devise, in terms denoting the testator's intention to devise his entire interest in all his real or personal property, shall be construed to pass all of the estate in such property * * *.'" *Mulvane* v. *Rude, supra.*

The interest devised by this will to the widow is not defined here, but the clause, "I will and bequeath to my wife, Eliza J. Brookover all my property, both real and personal," if standing alone, might well be held, under §3123 Burns 1914, *supra*, and the presumption against intestacy, to devise a fee simple. *Conover* v. *Cade* (1916), 184 Ind. 604, 112 N. E. 7. But the clause does not stand

alone, and in seeking the testator's particular intent, courts must consider all relevant portions of the will, and may also view it in the light of the testator's surroundings when it was executed. The devise to Eliza J. Brookover is not subject to the application of the rule declared in *Cameron* v. *Parish*, *supra.* While general and indefinite, it is not accompanied with "full power of disposition," but on the contrary is limited solely to sales for "her use." It does not authorize a deed of conveyance by way of gift, or a devise by will, nor does it contemplate a sale except for her use. A limited power of disposition is repugnant to the idea of a devise of a fee simple, which is consistent only with the theory of unlimited power to convey and devise. *Skinner* v. *Spann* (1911), 175 Ind. 672, 690, 93 N. E. 1061, 95 N. E. 243; *Beatson* v. *Bowers* (1910), 174 Ind. 601, 91 N. E. 922; 40 Cyc 1581; *Powers* v. *Wells* (1910), 244 Ill. 558, 91 N. E. 717; *Warren* v. *Ingram*, Ann. Cas. 1912B, note 424. On the other hand, a power to convey the fee, is entirely consistent with a devise for life. *Foudray* v. *Foudray* (1909), 44 Ind. App. 444, 89 N. E. 499.

Appellants cite also *Hume* v. *McHaffie* (1907), 40 Ind. App. 703, 81 N. E. 117, but we deem the case inapplicable here. The will there devised to the wife "all of my real estate," followed by the provision, "I will that all the real and personal property *belonging to her at the time of her decease to be equally divided*," etc. (Our italics.) George W. Brookover did not attempt to impress any trust on land "belonging" to his wife by virtue of the will or on that otherwise acquired. See *Cameron* v. *Parish, supra; Mitchell* v. *Mitchell* (1895), 143 Ind. 113, 42 N. E. 465. He was dealing with what remained

of his estate, after the possible . exercise by the widow of the power to sell and convey for her use. The testator appears to have been especially solicitous in regard to the mentally afflicted daughter, Mary Ann, to whom he made "extra" bequests of personalty by item five of the will, in addition to the provisions found in items three and four, which latter ones must be disregarded if appellants' theory prevail. He was also careful to provide for his wife's comfortable support by authorizing her to convey any and all of the real estate for her use.

We are of the opinion that testator in the 5. power to sell and convey, employed the word "use" as synonymous with proper and comfortable support and maintenance of the widow, taking into consideration the value of the estate and her station in life. *McGuire* v. *Gallagher* (1904), 99 Me. 334, 59 Atl. 445. Viewing the will as a whole, and in the light of the condition 6. of the afflicted daughter, as shown by the evidence, we are of the opinion that it was the testator's intention to devise to his widow a life estate only in the land, to which he added the power to her to sell and convey so much thereof as might be reasonably necessary for her comfortable support; that whatever remains at the widow's death, subject to the payment of her funeral expenses, and just debts, if any, should be enjoyed by the daughter Mary Ann, during her life, and should be chargeable with her funeral expenses, and just debts, if any; that on testator's death the six children and two grandchildren should become invested with the fee-simple title to the real estate, subject to said limited power to convey, and to the life estates of the widow and daughter Mary Ann, and also the payment of the funeral expenses and

just debts of the life tenants, unless otherwise paid. *Hammond* v. *Croxton* (1903), 162 Ind. 353, 69 N. E. 250, 70 N. E. 368; *Pate* v. *Bushong* (1903), 161 Ind. 533, 69 N. E. 291, 63 L. R. A. 593, 100 Am. St. 287; *Fenstermaker* v. *Holman* (1901), 158 Ind. 71, 62 N. E. 699; *Eubank* v. *Smiley* (1892), 130 Ind. 393, 29 N. E. 919; *Hall* v. *Grand Lodge, etc.* (1914), 55 Ind. App. 324, 103 N. E. 854; *Cain* v. *Robertson* (1901), 27 Ind. App. 198, 61 N. E. 26; *Pool* v. *Napier* (1910), 145 Iowa 699, 124 N. W. 755; *Waller* v. *Martin* (1900), 106 Tenn. 341, 61 S. W. 73, 82 Am. St. 882; *Snively's Trustee* v. *Snively* (1915), 162 Ky. 461, 172 S. W. 911, L. R. A. 1915D 153; *Roberts* v. *Roberts* (1905), 102 Md. 131, 62 Atl. 161, 1 L. R. A. (N. S.) 782; *Mansfield* v. *Shelton* (1896), 67 Conn. 390, 35 Atl. 271, 52 Am. St. 285; *In re Moor's Estate* (1910), 163 Mich. 353, 128 N. W. 198. The purpose of George W. Brookover, as expressed in his will, must be given effect unless it violates some legal rule. His intent, as we have ascertained and declared it, is not in conflict with any law of the state, and it must govern here. The trial court erred, however, in its conclusion of law in holding that Mary Ann Brookover did not take the same share in remainder as the other children of testator. Each child took a seventh, and the two grandchildren together took a like share. Appellees Kauffman and Kelly, heirs of Ida Kauffman own the undivided one-seventh, subject to the life estate of Mary Ann Brookover, while appellees Branyan and Yotter own a like interest. The judgment quieted appellees' title as to one-third instead of two-sevenths, and it must be reversed.

Counsel for appellants insist that the action here was barred by the fifteen-year statute of limita-

tions. We hold otherwise. They also argue some other questions in relation to errors assigned, 8. but a consideration thereof has been waived by failure in their brief to comply with Rule 22 of this court. Judgment reversed, with instructions to the trial court to restate its conclusions of law, and for further proceedings not inconsistent with this opinion.

NOTE.—Reported in 112 N. E. 769. Devise of life estate with power of disposition (note, 1 L. R. A. [N. S.] 782) as indicative of quantum of estate intended, note, 18 L. R. A. (N. S.) 463; 40 Cyc 1627.