WAYBRIGHT ET AL. *v.* LONGSTREET ET AL.

[No. 27,808. Filed February 22, 1943. Rehearing denied March 19, 1943.]

*John E. Osborn,* of Greensburg, and *Frank Hamilton,* of Terre Haute, for appellants.

*Wickens & Wickens,* of Greensburg, for appellees.

SWAIM, J.—This is an action by the appellants against the appellees to quiet title to certain real estate to which

the appellants claim title as residuary devisees under the last will and testament of Emma B. Johnson, deceased. Item VI of said will was as follows:

"I give, devise and bequeath to Mima Parker, my sister, if she survives me, all the rest of the residue and remainder of my estate, wherever situate, for her use, benefit, and enjoyment as long as she lives and with the power to use, sell, dispose of as she desires all property given to her in this Item of Will. I desire that she give to my friends the presents they have given to me and any of my silverware, dishes, bed clothing and other trinkets they may desire. Papa's coverlet I want to always remain with some one of our family. I also want you to send to Adolphus E. Johnson a copy of my will and the letter which I have left for him. Now, Mima, I am making this bequest for you to enjoy yourself, with your husband, and do not permit your generosity to give it away, except as I have indicated herein.

"If any of the property given to said Mima Parker is not disposed of by her during her lifetime, then I give, devise and bequeath that part thereof not disposed of by the said Mima Parker in her lifetime, one-fifth to the children of my sister, Martha Overleese, deceased; one-fifth to the children of my brother, Wesley Nation, deceased; one-fifth to the children of my brother, Lige Nation, deceased; one-fifth to the children of my sister, Mima Parker, and the remaining one-fifth to the following children and grandchildren of my deceased sister, Sarah Sefton, as follows: one-third to Clarence Sefton, one-third to Hubert Bradley and one-third to Harold Ruddell, Jessie Ruddell, Ralph Ruddell and Helen Spillman."

Acting pursuant to a plan to convey and dispose of the real estate to her husband under the terms of the will, Mima Parker and her husband conveyed the real estate in question to a trustee for the purpose of having the trustee immediately reconvey it to the husband,

which was done. Mima Parker received no property, money or valuable consideration for this conveyance. At the time the conveyance was made she had available for her use a balance of approximately $400.00 of personal assets of the estate of Emma B. Johnson, deceased.

On the day following the execution of these two deeds Mima Parker died intestate. Shortly thereafter the husband also died leaving as his only heirs the appellees, Mae Longstreet and Wesley Parker, his children by the said Mima Parker, which children were also named as residuary devisees with the appellants in Item VI of said will.

Both appellants and appellees agree that by Item VI of said will Mima Parker took a life estate in said real estate with a power of disposition. They disagree only on the limitation on the power of disposition. Both insist that the language of Item VI is so clear that it is unnecessary to resort to rules of construction to determine the intention of the testatrix; the appellants insisting that it is perfectly clear that the conveyance of the real estate to the husband was not within the power of disposition and the appellees insisting, just as earnestly, that said conveyance was clearly within such power.

Both parties agree that to define the limitations on the power of disposition we must discover the true intent of the testatrix; that in discovering this intent we must look to all of the provisions of the will; and that this intent, if clear, as gathered from the provisions of the will as a whole, must prevail over a contrary intent which might be indicated by isolated words or phrases.

The appellants contend that all of the provisions of Item VI of said will, when considered together, show a clear intention on the part of the testatrix to limit the

power of disposition to a disposition of the property for the use, benefit, enjoyment, support and maintenance of said beneficiary during her lifetime; that no conveyance was valid unless it was for the support or maintenance of Mima Parker.

None of the cases cited by appellants to support this contention presents exactly the same question as presented by the instant case. In *Goudie et al.* v. *Johnston et al.* (1887), 109 Ind. 427, 428, 10 N. E. 296, a widow was bequeathed personal property "for her use during her natural lifetime . . . she to have the control and management of the same, and at her death all of said personal estate remaining, . . . shall go to and be equally divided among . . ." The court properly held that this language gave the widow only the use of the property during her lifetime with no power of disposition other than by use.

In *Wiley et al.* v. *Gregory et al.* (1893), 135 Ind. 647, 648, 654, 35 N. E. 507, a widow was given real estate "to be and remain hers during her natural life, to use, enjoy and dispose of as she may desire and after her death, all that remains undisposed of by her, I desire that the same be equally divided among my children. . . ." The only question there presented was whether the widow by such a bequest, took a fee simple title to said real estate. The court correctly held that the will vested in the widow only a life estate with a power of disposition, but described the power as being "an unlimited power to dispose of the fee."

In *Bowser, Adm.* v. *Mattler* (1894), 137 Ind. 649, 651, 35 N. E. 701, 36 N. E. 714, a testator in giving his widow a life interest with a power of disposition provided, "it shall be hers without any interference from anybody, for the space of her lifetime; it shall

be hers in the full sense of ownership, even so far that she is empowered to sell, mortgage or divide the same; . . . But this shall not be so understood as that my said wife has the right to divide the property herein named among persons not kindred to me to the disadvantage of our children, but they shall, after her death, divide the estate among them equally." This language clearly limited the devisee to a sale, mortgage, or division of the property and limited a division to an equal division among their children.

In *Brookover* v. *Branyan* (1916), 185 Ind. 1, 3, 112 N. E. 769, a power of disposition given to a widow was limited to "the power to sell and convey . . . for her use." The devisee attempted to devise the land by her will. The court held that disposition of her property by her will was not within the power granted to her.

*Booker* v. *Deane et al.* (1928), 88 Ind. App. 72, 73, 74, 76, 163 N. E. 287, held that a widow had the power to convey the real estate devised to her only "for her own use and benefit" and could not convey it without a valuable consideration, where the will devised the real estate to her during her natural lifetime with the power "to use, enjoy and dispose of same for her own use and benefit as she may deem best." In that case, however, there was evidence which the Appellate Court considered sufficient to sustain a finding by the trial court that the life tenant had conveyed the land in question for services rendered by the grantee to the testator during his lifetime; and that the residuary clause of the will had named said grantee as one of the three beneficiaries who were given the remainder "for their loving devotion, affection and services ren-

dered to me during my last sickness." The court said that the conveyance by the life tenant of the entire remainder to this one beneficiary "was an attempt to convey contrary to the intent of the testator as expressed in the latter part of the Item 4 (the residuary clause) of said will." This case is distinguished from the instant case, therefore, both by the language of the will and the facts.

We have found many cases from other states, containing somewhat similar provisions in wills, where conflicting results have been reached by the court. In no two cases, however, were the provisions of the wills and the facts involved exactly the same, nor are the provisions of the will and the facts in any of such cases exactly the same as in the instant case. In the early case of *Smith* v. *Bell* (1832), 6 Pet. 68, 80, 8 L. Ed. 322, Chief Justice Marshall said: "It has been said truly . . ., 'that cases on wills may guide us to general rules of construction; but, unless a case cited be in every respect directly in point, and agree in every circumstance, it will have little or no weight with the court, who always look upon the intention of the testator as the polar star to direct them in the construction of·wills.' " In the instant case the words, "to use, sell, dispose of as she desires," if taken literally, would have given an absolute power of disposition. The power was not expressly limited to a sale or disposition for the support and maintenance of the devisee. There is no expressed limitation indicating that the proceeds of a sale or disposition of the property, if there were any proceeds, should be substituted as a part of the testator's estate in lieu of the property disposed of.

Nor do we find by an examination of all of the provisions of the will, an intention on the part of the

testator to so limit the power. The will does provide that if any of the property is "not disposed of by her during her lifetime" it shall be divided between the children and grandchildren of the brothers and sisters of the testatrix. This would seem to indicate that the devisee should not be permitted by will to make a different disposition of the property than that indicated by the testatrix; that any remainder not disposed of by the life tenant during her lifetime should be divided after her death between the residuary devisees named by the testatrix.

We believe it would follow that the devisee could not by a deed make a testamentary disposition of the property contrary to that intended by the testatrix. On any such limited power we must impose the limitation of good faith by the life tenant and so prevent her from intentionally and fraudulently making any disposition of the property for the purpose of circumventing the expressed desires of the testatrix. The appellants insist that the conveyance here in question was a deliberate attempt on the part of the devisee, Mima Parker, to make a testamentary disposition of the property contrary to that provided by the will of the testatrix and was "for the avowed purpose of defeating the intent of Emma B. Johnson." The only fact which would tend to support such contention is the fact that the devisee died during the day following the conveyance of the property. This isolated fact stipulated by the parties was not sufficient to force the trial court to conclude, as a matter of law, that the conveyance was an attempt at a testamentary disposition of the property in violation of the limitation on the power. The burden was upon the appellants to produce sufficient evidence to support their contention.

Can we say from a consideration of the will as a whole that the conveyance to the husband without the devisee receiving therefor "any property, money or valuable consideration" was beyond the limits of the power? One may, by will, grant a life tenant a valid power to make a gift of the property *inter vivos*. *Crawfordsville Trust Co.* v. *Elston Bank and Trust Company* (1940), 216 Ind. 596, 25 N. E. (2d) 626.

In some cases where the words "sell" and "dispose" have been used together with a conjunctive in describing a power it has been said that the word "dispose" was used in the sense of "deliver" and, therefore, did not warrant a gift of the property. In other cases where the words "use" and "dispose" joined by a conjunctive were employed to describe a power, some courts have given the word only the narrow meaning of "destroyed by use" or "used up," and have, therefore, held that the power of disposition so described was limited to a disposition for the use, or for the support and maintenance of the life tenant. In the instant case, however, the three words defining the power are not joined by conjunctives and apparently signify an intention to give three distinct powers, the power to use, to sell or "to dispose of as she desires." "Dispose" is a broad and inclusive word. Webster's New International Dictionary says that "give" is a synonym of "dispose." When the word is modified by the phrase "as she desires" it would signify any manner of disposition during her life which she might choose, including a conveyance without consideration, a gift. We find no other provisions of the will which negative the idea that the testatrix intended that these words should have this meaning.

The words granting the power are followed by expressed directions to the devisee to make gifts to different persons of certain items of the personal property. The testatrix then explained to the devisee "I am making this bequest for you to enjoy yourself with your husband," language which would imply a power broader than mere "support and maintenance." This explanation is followed by the admonition "do not permit your generosity to give it away, except as I have indicated herein." The testatrix would not have admonished the life tenant not to permit her generosity to give away the specific items which she had been directed to give away. These were precatory words, not binding upon the life tenant, but clearly indicating the belief of the testatrix that she had given Mima Parker the power to give away the remainder of the property.

The appellants insist that the residuary clause, which provided for the division of any part of the property not disposed of by the life tenant, shows an intention to limit the life tenant to a disposition for her support and maintenance and therefore prevents the devisee from making a conveyance of the property other than for a valuable consideration. The mere fact that there was a reversionary clause, which provided for a disposition of any property which might remain at the time of the death of the life tenant, did not necessarily limit the power to a sale or to a disposition for support and maintenance. *In re Estate of Cooksey* (1927), 203 Iowa 754, 208 N. W. 337; *Crawfordsville Trust Co.* v. *Elston Bank & Trust Company, supra.*

In the instant case the language used in the reversionary clause is significant. The testatrix said: "If

any of the property . . . is not disposed of by her . . . then I give . . . that part thereof not disposed of . . ." If we find from the language of the first paragraph of Item VI that the testatrix intended to give the life tenant the power to dispose of the property by a conveyance without a valuable consideration, the language of the reversionary clause does not show a purpose of the testatrix so inconsistent with such intention as to impose a further limitation on the power.

It is our opinion that the appellants failed to show that the disposition of the property made by Mima Parker was beyond the limitations of the power of disposition granted to her by the will of Emma B. Johnson.

The judgment is affirmed.

NOTE.—Reported in 46 N. E. (2d) 683.