SEMMES *v.* GARY NATIONAL BANK ET AL.

[No. 5-67-A-5. Filed December 17, 1968. Rehearing denied January 8, 1969.]

*Spanger, Jennings, Spangler and Dougherty, John P. Mc-Quillan*, Gary, for appellant.

*Gavit and Gavit*, Gary, and *Call, Call, Borns and Theodoros, William Theodoros*, Gary, for appellees.

PER CURIAM.—This is an action for the construction of the will of Gertrude Semmes, deceased. The suit was brought by the appellee Gary National Bank as executor of the estate of Gertrude Semmes, deceased.

The will in question, omitting formal parts, reads as follows:

"I, Gertrude Semmes of Gary, Indiana, being of sound mind and disposing memory do make, ordain, publish and declare this instrument as my last will and testament hereby expressly revoking any and all former wills or codicils by me at any time made.

### Item 1.

I appoint Gary National Bank of Gary, Indiana, as executor of my will and testament.

### Item 2.

I direct the payment of my debts and of the expenses of my last illness and burial.

### Item 3.

I bequeath to Granville Martin Semmes of Memphis, Tennessee (a nephew of my deceased husband) any and all shares of stock in Calumet Securities Corporation of Gary, Indiana that I own on my death.

### Item 4.

All the rest, residue and remainder of my estate wherever situate and of whatever kind or character, I devise and bequeath absolutely and forever and in fee simple to my sister, Mrs. Madeleine Walton of Oklahoma City, Oklahoma and any thereof that she may elect not to take is similarly bequeathed and devised to the said Granville Martin Semmes.

### Item 5.

In Witness Whereof I have executed this instrument as my last will and testament at Gary, Indiana, this 4th day of October, 1943."

The only issue before the trial court and the only issue we are called upon to determine is the proper construction of Item 4 of said will, above, where Madeleine Walton had predeceased the testatrix.

The appellant, Granville Martin Semmes, contends that the will should be construed so as to recognize him as the substituted final residuary legatee. The appellees, other than Gary National Bank, are Mrs. Semmes' heirs at law and

claim the will should be construed so that the testatrix's property will pass to her heirs by intestate succession.

Trial was by the court without intervention of a jury and the court found in favor of the appellees, the heirs of the testatrix, and against the appellant, Granville Martin Semmes.

The trial court's construction of Item 4 is as follows:

"That said Item 4 of said will created a devise and bequest to Madeleine Walton of the residuary estate, coupled with a power to elect not to take any part thereof that she might choose not to take, and that by reason of the death of the said Madeleine Walton prior to the death of Gertrude Semmes said devise and said power lapsed, and that the said Gertrude Semmes died intestate as to her residuary estate, and that the said Granville Martin Semmes takes nothing under said Item 4 of said will."

Appellant urges as his assignment of error on this appeal the action of the trial court in overruling his motion for new trial. The same question is raised by both grounds asserted by appellant in his motion for new trial: That the decision of the trial court was contrary to law, and that there was insufficient evidence to sustain the court's decision.

The entire cause was tried below upon the following stipulation of facts:

"1.

Gertrude Semmes died testate in Gary, Indiana in May, 1966. Her will was admitted to probate in the Lake Superior Court in Gary, on May 24, 1966. No proceedings are pending to contest it. A copy of said will is attached hereto and made a part hereof as Exhibit 1. Her estate is solvent.

2.

The Testatrix had lived in and been domiciled in Gary for over 40 years. Her husband died in 1942. She never remarried. She never had any children. Her father and mother and all of her brothers and sisters pre-deceased her.

### 3.

The defendants, except Granville Martin Semmes, are the surviving nieces and nephews of the Testratrix except that as to nieces and nephews who predeceased Mrs. Semmes, they are the children thereof who survived her.

Defendants Madeleine Walton Anschutz and Sabina Walton Martin are the daughters of the Madeleine Walton mentioned in the will. She was a sister of Mrs. Semmes and pre-deceased her. Said defendants are the only children Mrs. Walton ever had. She died a widow. Mrs. Walton died in November, 1947.

### 4.

She (Mrs. Semmes) owned no Calumet Securities Corporation stock at the time of her death and had owned none since before Madeleine Walton's death. There was no real estate in the Semmes' estate.

### 5.

Defendant Granville Martin Semmes was a nephew of the Testatrix' deceased husband.

### 6.

The fact allegations in the complaint are admitted. The construction of the Semmes will is necessary and as to that no one's pleadings bind the court."

An additional six factual items, the truth of which was stipulated by counsel, were offered into evidence by the appellant and admitted by the court. The stipulations, regarding the financial circumstances of the testatrix at the time her will was executed are as follows:

"The assets of Gertrude Semmes at the time she executed her will were approximately as follows:

(1) 339 shares of Calumet Securities Co. stock—valued at $39,000.00.

(2) Life insurance proceeds (from deceased husband)— about $10,700.00.

(3) A few special assessment bonds—valued at about $1,000.00 or more.

(4) An annuity in the amount of $102.00 per month, for life—Gertrude Semmes being 61 years of age when she made this Will.

(5) A pension in the amount of $300.00 per month from the Calumet Securities Corporation—having a duration of from 12 to 18 months."

Appellees' argument in support of the trial court's decision is to place prime significance on the phrase "elect not", and, in particular, the order of these words.

Appellant contends that it was the testatrix's intent that he take whatever Madeleine Walton did not take, and that a formal, positive election by Mrs. Walton was not necessary.

Possibly because of the somewhat unusual phraseology found in Item 4 of the will, we have not found any Indiana authority directly in point, and this court has held that unless a case cited is in every respect directly in point, and agrees in every circumstance, it will have little or no weight in the construction of wills. *Waybright v. Longstreet* (1943), 221 Ind. 251, 46 N. E. 2d 683; *Antibus v. Hart, Trustee* (1956), 126 Ind. App. 686, 135 N. E. 2d 835.

First, we must consider the rather stable policy in Indiana of construing a will so as to avoid partial intestacy. If, in this case, we find that Item 4 has lapsed and that the lapse removes said item from the will, we are bound to create a partial intestacy. If, on the other hand, we find Item 4 can be sub-divided into two specific bequests we may avoid the partial intestacy but we are then forced to accept the supposition that the said item was intended by the testatrix to be divisible.

Secondly, we are confronted with the likewise stable policy, according to the Indiana authorities, that where there is doubt as to the intention of the testator heirs should be favored as against strangers. In the instant case, if we avoid the partial intestacy and so construe the

will as to benefit Granville Martin Semmes as against the natural heirs of the testatrix, we would appear to be in conflict with this policy.

Thirdly, we must deal with the policy, as stated in the applicable statutes, and leading Indiana authorities, that the intent of the testator must be determined from the four corners of the instrument and, further, that we may view the intent of the testator in light of the pertinent surroundings and circumstances at the time of the execution of the will. This determination is, in the final analysis, the most difficult and illogical, in many instances, since it is often necessary to replace the intent of the testator with the intent of the court. No authority has evolved in Indiana to establish which of these policy considerations shall revail in the event of a conflict.

The term "lapse" indicates the failure to vest of a bequest by reason of the death of the devisee prior to the death of the testator. In the event such a lapse occurs, as it did here, that provision is a nullity and the property to be passed by that provision goes to the residuary estate, if there be any, and if not, then it passes by intestate succession.

The question which emerges as the central issue in the controversy before us, is one of determining the substantive legal effect of a provision in the will which is lapsed.

We find such a determination necessary since, if the devise is entirely excised in the event of a lapse, then it may not be read in order to determine the intent of the testator. This is a question of first impression in this State and from our investigation of the applicable authorities in other jurisdictions, no case has ever been decided on exactly this issue. We hold that when a devise in the will lapses, the effect is that thereafter the devise which has so lapsed may be read, with the exception that, the person named in the devise shall be omitted; but for any and

all other purposes, including the determination of intent, the devise may be read in its entirety.

Thus, having made this determination, our reading of the will, looking to its four corners, indicates very positively that the intent of the testatrix was for Granville Martin Semmes to take as a specific legatee an undetermined amount of the estate. Mr. Semmes was named in the first paragraph of the will and was, in fact, the only other named devisee with the exception of Mrs. Walton. Because of the ademption as to Item 3 of the will, and the lapse occurring in Item 4, the appellees would have us believe that even though Granville Martin Semmes was twice mentioned in the will he should take nothing. There is no evidence that Mrs. Semmes intended nor contemplated dying intestate as to any part of her estate. In fact, just the contrary is evidenced by the inclusion of a residuary clause in her will. Not only did she provide for a residuary legatee, but in addition, she provided for a substitute residuary legatee. This residuary clause plus the rest of the will suggests an intent by the testatrix to confer benefit upon only two persons—Granville Martin Semmes and Madeleine Walton. These are the only two beneficiaries named in the will, and no where is there suggested that Mrs. Semmes desired to provide for her heirs at law. To come to such a conclusion would be to substitute a court determined intent for the obvious intent of the testatrix. This we do not deem it advisable to do.

Finally, we must decide between competing policy considerations. On the one hand, as the appellees suggest, the natural heirs of the testatrix shall be given preference over strangers. On the other hand, as the appellant suggests, policy, as evidenced by the authorities in this State, demands that partial intestacies be avoided whenever possible, *Keplinger v. Keplinger* (1916), 185 Ind. 81, 86, 113 N. E. 292, and further, that where the intent of the testator can be reasonably determined that that intent be given preference and authority. *Antibus v. Hart, supra.* We must

consider all relevant portions of the will, and may also view it in the light of the testatrix's surroundings when it was executed. *Brookover v. Branyan* (1916), 185 Ind. 1, 6, 112 N. E. 769. We find in the instant case that the intent of the testatrix was for Granville Martin Semmes to take as a specific and a residuary legatee of her estate. Such a conclusion avoids the unfavorable result required by finding a partial intestacy. We find that where a conflict occurs as it did here between intent of the testator and finding in favor of the heirs as against strangers, that the intent of the testator should be given the greater weight of authority in the final interpretation.

For the foregoing reasons, we find that the judgment of the trial court must be reversed and that a judgment should be entered in compliance with the reasoning set out herein.

Judgment reversed, with instructions to enter judgment for appellant.

NOTE.—Reported in 242 N. E. 2d 517.