SEMMES *v*. GARY NATIONAL BANK, EXECUTOR, ET AL.

[No. 970S224. Filed September 28, 1970. Transfer granted September 28, 1970.]

*John P. McQuillan, Spangler, Jennings, Spangler and Dougherty,* of Gary, for appellant.

*Albert H. Gavit, Albert H. Gavit, Jr., William Theodoros, Call, Call, Borns and Theodoros,* of Gary, for appellees.

JACKSON, J.—This case comes to us on petition to transfer from the Appellate Court under Acts 1901, ch. 247, § 10, p. 565; 1933, ch. 151, § 1, p. 800, being Burns Ann. Stat. § 4-215 (1968 Repl.). See *Semmes* v. *Gary National Bank* (1968), 144 Ind. App. 25, 242 N. E. 2d 517, for the opinion of the Appellate Court.

It appears from the record that on or about the 21st day of May, 1966, one, Gertrude Semmes, died a resident of the City of Gary, Lake County, Indiana, leaving a will. Said will was admitted to probate and record in Lake Superior Court on May 24, 1966. Thereafter, Gary National Bank was appointed and qualified as the Executor of the Estate of Gertrude Semmes, deceased.

On July 11, 1966, the Gary National Bank, as Executor, filed its Complaint to Construe Will, which reads in pertinent part as follows:

"1

Plaintiff is the duly appointed and acting executor in this court of the Estate of Gertrude Semmes. She died testate on or about May 21, 1966, in Gary, Indiana, and was and had been a resident of said city for over twenty (20) years. A copy of her last will and testament as admitted to probate in Estate No. G66-171 in this court on May 24, 1966, is made a part hereof and is attached hereto as Exhibit 1.

2

Neither at the time of her death nor for more than ten years prior thereto did she own any shares of stock in Calumet Securities Corporation of Gary, Indiana.

3

She died a widow. She had never had a child or children. She was survived by neither parents nor any brother or sister. The sister, Madeleine Walton, mentioned in said will pre-deceased the herein testatrix. That sister died a widow and is survived by two daughters, the defendants, Madeline Walton Anschutz and Sabina Walton Martin, and had no other children.

The relationship of the defendants, except defendant, Granville Martin Semmes, to the testatrix is that of nieces

and nephews (or children of deceased nieces and nephews as is stated on Exhibit 2 that is attached hereto and made a part hereof).

The relationship of defendant, Granville Martin Semmes, to the testatrix and to this estate is not one of consanguinity. He was the nephew of the deceased husband of testatrix.

### 4

In the opinion of the executor, the proper construction of said will is that the surviving nieces and nephews of the testatrix share equally and ratably in the herein estate and with the heirs of any deceased niece or nephew taking the share of their deceased parent *per stirpes*.

### 5

Defendants, Madeline Walton Anschutz and Sabina Walton Martin, as the daughters of Madeleine Walton, deceased, may contend that the bequest to her did not lapse on her death and that they therefore are sole beneficiaries of this estate.

Defendant, Granville Martin Semmes, has advised the Executor that he will claim to participate in the estate.

The other defendants may contend that the testatrix died intestate as to her property.

### 6

All parties are joined herein who may claim any interest in said estate. All are non-residents of Indiana. It is believed that the following defendants are minors, to-wit:
Herbert Paul Orrick
Katherine Stuart Orrick

WHEREFORE, plaintiff prays that the court construe said will, and determine heirship, and for all other proper relief in the premises.

EXHIBIT 1.

### LAST WILL AND TESTAMENT OF GERTRUDE SEMMES

I, GERTRUDE SEMMES of Gary, Indiana, being of sound mind and disposing memory do make, ordain, publish and declare this instrument as my last will and testament

hereby expressly revoking any and all former wills or codicils by me at any time made.

## ITEM 1.

I appoint Gary National Bank of Gary, Indiana as executor of my will and testament.

## ITEM 2.

I direct the payment of my debts and of the expenses of my last illness and burial.

## ITEM 3.

I bequeath to Granville Martin Semmes of Memphis, Tennessee (a nephew of my deceased husband) any and all shares of stock in Calumet Securities Corporation of Gary, Indiana that I own on my death.

## ITEM 4.

All the rest, residue and remainder of my estate wherever situate and of whatever kind or character, I devise and bequeath absolutely and forever and in fee simple to my sister, Mrs. Madeleine Walton of Oklahoma City, Oklahoma and any thereof that she may elect not to take is similarly bequeathed and devised to the said Granville Martin Semmes.

## ITEM 5.

In WITNESS WHEREOF I have executed this instrument as my last will and testament at Gary, Indiana, this 4 day of October, 1943."

On September 12, 1966, the appellant filed his answer to said complaint and a Counter Petition to Construe Will, the latter reading in pertinent part as follows:

"That Gertrude Semmes was a resident of the City of Gary, County of Lake, State of Indiana at the time of her death and had been a resident of said city for over twenty (20) years. That said Gertrude Semmes died testate on or about the 21st day of May, 1966, in Gary, Indiana, and a copy of her Last Will and Testament is attached hereto and made a part hereof and marked Exhibit A. That said Last Will and Testament of Gertrude Semmes was admitted to

Probate in the Lake Superior Court, Room No. Four sitting at Gary, Indiana in Estate No. G 66-171, on the 24th day of May, 1966.

### 2

That the counter-petitioner, Granville Martin Semmes, is one of the named beneficiaries of the last Will and Testament attached hereto as Exhibit A of Gertrude Semmes.

### 3

That on the 11th day of July, 1966, an action was filed in the Lake Superior Court under cause No. 466-1634 wherein the Gary National Bank, as executor of the Estate of Gertrude Semmes, deceased, appears as the nominal plaintiff; that the Last Will and Testament of Gertrude Semmes was attached to the Complaint in said action, and incorporated therein; that in Rhetorical paragraph 4 of this action by the executor, the executor tells the Court that the Will should be construed so that 'the surviving nieces and nephews of the testatrix share equally and ratably in the herein estate and with the heirs of any deceased niece or nephew taking the share of their deceased parent *per stirpes.*' That this Counter-complaint and counter-petitioner, Granville Martin Semmes, is informed and does believe that the defendants named in the executor's aforementioned complaint and the defendants herein mentioned in counter-petitioner's counter-complaint may contend that the testatrix, Gertrude Semmes, died intestate.

### 4

\* \* \* \* \*

(This paragraph contains a listing of the names and addresses of those persons interested in the proceedings and the construction of the will and is here omitted in the interest of brevity)

### 5

That item number 4 of the Last Will and Testament of Gertrude Semmes provides as follows:

All the rest, residue and remainder of my estate wherever situate and of whatever kind or character, I devise and bequeath absolutely and forever and in fee simple to my sister, Mrs. Madeleine Walton of Oklahoma City, Oklahoma and any thereof that she may elect not to take is

similarly bequeathed and devised to the said Granville Martin Semmes.

### 6

That a plain reading of the fourth item of the Last Will and Testament together with the entire Last Will and Testament of Gertrude Semmes, admitted to Probate Under Estate No. G 66-171, in this Court, provides that the plaintiff, Granville Martin Semmes, shall be the final residuary legatee and beneficiary of said Last Will and Testament.

### 7

That Madeline Walton, mentioned in item four of the Last Will and Testament of Gertrude Semmes, pre-deceased the testatrix, and that thereby any bequest to said Madeline Walton did lapse upon her death.

### 8

That the true intent and effect of the Last Will and Testament of Gertrude Semmes, deceased, was vest title to all of her real and personal property, wherever situate and of whatever kind or character, absolutely and in fee simple in the plaintiff, Granville Martin Semmes, subject only to the payment of the just debts and expenses of last illness and burial of the testatrix, Gertrude Semmes.

### 9

That the true intent and effect of the Last Will and Testament of Gertrude Semmes, deceased, in the event of a lapse of any request to Madeline Walton, was not an intent to die intestate, but was an intent to give all real and personal property, wherever situate and of whatever kind or character, absolutely and in fee simple to the plaintiff, Granville Martin Semmes; and to give all such property to Granville Martin Semmes which was not taken by Madeline Walton.

WHEREFORE, the counter-petitioner, Granville Martin Semmes, prays that the Court will order and decree as follows:

A. That the Court will order and decree that the legal effect of the Last Will and Testament of Gertrude Semmes, deceased, was to vest title to all her real and personal property, absolutely and in fee simple, in the counter-petitioner, Granville Martin Semmes.

B. That the Court will order and decree that none of the named defendants, nor any other person or corporation, has any interest, by way of remainder, reversion, or otherwise, in any of the real or personal property of the deceased, Gertrude Semmes.

C. That the counter-petitioner, Granville Martin Semmes may have such other and further relief in the premises as equity may require and as to the court shall seem proper."

(Exhibit A, attached to said counter-petition and made a part thereof, is the same as Appellee's Exhibit #1 heretofore set out and is, therefore, omitted).

Also, on September 12, 1966, appellant moved for a change of venue from the county, and on October 17, 1966, the parties hereto, by their respective counsel, pursuant to stipulation and agreement, caused the venue of this case to be changed to the Porter Superior Court.

On December 9, 1966, certain named defendant-appellees filed their answer to the Executor's original Complaint to Construe Will and their answer to appellant's counter-petition, the latter reading in pertinent part as follows:

"1. That they admit all of the allegation of Rhetorical Paragraph One of defendant Granville Martin Semmes' counter-petition.

2. That they admit counter-petitioner is named in the Will, but deny that he is a beneficiary thereunder.

3. That they admit the allegation contained in Rhetorical Paragraph Three of defendant Granville Martin Semmes' counter-petition except the allegations that plaintiff is the 'nominal Plaintiff,' which allegations the defendants deny.

4. That they admit the allegations contained in Rhetorical Paragraph Four and Five of the defendant Granville Martin Semmes' counter petition.

5. That they deny all of the allegations contained in Rhetorical Paragraph Six of defendant Granville Martin Semmes' counter petition.

6. That they admit the allegations contained in Rhetorical Paragraph Seven of defendant Granville Martin Semmes' counter petition.

7. That they deny all of the allegations contained in Rhetorical Paragraphs Eight and Nine in defendant Granville Martin Semmes' counter petition.

WHEREFORE, the defendants, JOSEPH TERRELL ORRICK, MARY MHOON ORRICK FARMER, EUGENIA SEMMES ORRICK MORRIS, ALPHONSO PAUL ORRICK, JR., NICHOLAS CROMWELL ORRICK, BETTY DANDRIDGE ORRICK, HERBERT PAUL ORRICK, KATHERINE STUART ORRICK, GRANVILLE SEMMES HAMMOND, LUCY HAMMOND WEAVER, MARY SEMMES BUFORD CRESPO, ROBERT A. BUFORD, JR., LILA BINYON JOY, MARY SEMMES TODD, MARTHA BINYON WOODBURY, MICAJAH STUDE, EUGENE O. BINYON, NICHOLAS BINYON, MADELINE WALTON AUSHUTZ (Sic), and SABINA WALTON MARTIN and each of them pray that the counter-petitioner, Granville Martin Simmes, take nothing by his counter-petition and that the Court order and decree as follows:

1. That proper construction of the Will of Gertrude Semmes, Deceased, is that the surviving nieces and nephews of the testatrix share equally and ratably in the Estate of Gertrude Semmes, Deceased, and with the heirs of any deceased niece or nephew taking the share of their deceased parent *per stirpes*.

2. That the counter-petitioner, Granville Martin Semmes, take nothing by his counter-petition."

The Gary National Bank filed its answer to appellant's counter-petition as follows:

"The plaintiff thus answers the counter-petition of Granville Martin Semmes:

1) These allegations are admitted.

2) Counter-petitioner is named in the will. It is expressly denied that he is a beneficiary thereunder.

3) These allegations are admitted except it is expressly denied that plaintiff is 'the Nominal Plaintiff'; it is the actual plaintiff.

4) These allegations are admitted.

5) This allegation is admitted.

6) This allegation is expressly denied.

7) In plaintiff's opinion this statement of law is correct.

8) These allegations are expressly denied.

9) These allegations are expressly denied."

This cause was duly set for trial in the Porter Superior Court on January 19, 1967, and the only evidence presented in said cause was by stipulation, as follows:

## "STIPULATION OF PARTIES AS TO FACTS

The appearing parties stipulate to the following as the facts in this case:

### 1.

Gertrude Semmes died testate in Gary, Indiana in May, 1966. Her will was admitted to probate in the Lake Superior Court in Gary on May 24, 1966. No proceedings are pending to contest it. A copy of said will is attached hereto and made a part hereof as Exhibit 1. Her estate is solvent.

### 2.

The Testatrix had lived in and been domiciled in Gary for over 40 years. Her husband died in 1942. She never re-married. She never had any children. Her father and mother and all of her brothers and sisters pre-deceased her.

### 3.

The defendants, except Granville Martin Semmes, are the surviving nieces and nephews of the Testatrix except that as to nieces and nephews who pre-deceased Mrs. Semmes, they are the children thereof who survived her.

Defendants Madeline Walton Auschutz [sic] and Sabina Walton Martin are the daughters of the Madeline Walton mentioned in the will. She was a sister of Mrs. Semmes and pre-deceased her. Said defendants are the only children Mrs. Walton ever held. She died a widow. Mrs. Walton died in November 1947.

### 4.

She, Mrs. Semmes, owned no Calumet Securities Corporation stock at the time of her death and had owned none since before Madeline Walton's death. There was no real estate in the Semmes' estate.

### 5.

Defendant Granville Martin Semmes was a nephew of the Testatrix' deceased husband.

## 6.

The fact allegations in the complaint are admitted. The construction of the Semmes will is necessary and as to that no one's pleadings bind the court."

## "STIPULATION

The truth of the following facts, relating to the financial situation of the Testatrix at the time her Will was executed, is stipulated to by counsel.

There is no stipulation as to the admissibility of these facts.

The assets of Gertrude Semmes at the time she executed her Will were approximately as follows:

(1) 339 shares of Calumet Securities Company stock—valued at about $39,000.00

(2) Life insurance proceeds (from deceased husband)—about $10,700.00.

(3) A few special assessment bonds—valued at about $1,000.00, or more.

(4) An annuity in the amount of $102.00 per month, for life—Gertrude Semmes being 61 years of age when she made this Will.

(5) A pension in the amount of $300.00 per month from the Calumet Securities Corporation—having a duration of from 12 to 18 months.

(6) Furniture and books."

Thereafter, on February 15, 1967, the court entered its finding and judgment, which reads in pertinent part as follows:

"The court having heretofore heard the evidence in this cause, and now being duly advised in the premises, finds for the heirs of the decedent, Gertrude Semmes, being all of those defendants other than Granville Martin Semmes, and against the said Granville Martin Semmes, on the construction of the last will of Gertrude Semmes, deceased, and in particular the following provision of said will, which reads as follows:

'All the rest, residue and remainder of my estate wherever situate and of whatever kind or character, I devise and bequeath absolutely and forever and in fee simple to my sister, Mrs. Madeleine Walton of Olkahoma City,

Oklahoma and any thereof that she may elect not to take is similarly bequeathed and devised to the said Granville Martin Semmes.'

And the court now finds and does hereby order, adjudge and decree that upon proper construction of said will the true and legal meaning, intent and effect of said provision thereof set forth and the rights and interests of the parties hereto are as follows, to-wit:

That said Item 4 of said will created a devise and bequest to Madeleine Walton of the residuary estate, coupled with a power to elect not to take any part thereof that she might choose not to take, and that by reason of the death of the said Madeleine Walton prior to the death of Gertrude Semmes said devise and said power lapsed, and that the said Gertrude Semmes died intestate as to her residuary estate, and that the said Granville Martin Semmes takes nothing under said Item 4 of said will.

And it is by the court considered and adjudged that the parties to this action shall take only such rights, title and interests by virtue of said provision of said will as are by this decree determined and defined."

Appellant filed his motion for new trial on February 24, 1967, and the same was overruled by the court on March 6, 1967. His sole Assignment of Error on appeal is that:

"1. The Court erred in overruling Appellant's Motion for New Trial."

The judgment of the Porter Superior Court herein was reversed by the Second Division of the Appellate Court on December 17, 1968, by its written opinion reported in 242 N. E. 2d 517. The Petition to Transfer this cause from the Appellate Court to this Court was filed by appellee, Gary National Bank, on January 24, 1969; a Petition to Transfer was filed by all other appellees, except Gary National Bank, on January 27, 1969.

The precise question in issue here relates to the legal effect to be given the wording of Item #4 of decedent's will, which reads as follows:

"All the rest, residue and remainder of my estate wherever situate and of whatever kind or character, I devise

and bequeath absolutely and forever and in fee simple to my sister Mrs. Madeleine Walton of Oklahoma City, Oklahoma *and any thereof that she may elect not to take is similarly bequeathed and devised to the said Granville Martin Semmes.*" (Emphasis supplied)

No controversy exists as to the ademption of Item #3 of the will, and all parties agree that the legacy to Madeleine Walton, appearing in Item #4, lapsed on her death in November, 1947, by reason of her having predeceased the testatrix, whose death occurred in May, 1966.

Appellant argues that this Court should give effect to the "substitutionary disposition" (Appellant's brief, p. 24) of the testatrix since she provided for disposition of the legacy after a refusal, and, in fact, some other contingency occurred which prevented the primary legatee, Mrs. Madeleine Walton, from taking. In order for this Court to so construe the will of Gertrude Semmes, and thus dispose of her property in a manner beneficial to the appellant, we would not only have to re-write Mrs. Semmes' will (an action we are prohibited from taking, see *McConnell* v. *Robbins* (1923), 193 Ind. 359, 140 N. E. 59; *Aldred* v. *Sylvester* (1916), 184 Ind. 542, 111 N. E. 914; *Gibson* v. *Seymour* (1885), 102 Ind. 485), but would also be compelled to contravene previous decisions of this Court to the effect that if a condition precedent to a bequest does not take place, the conditional or provisional bequest is inoperative. *Dykeman* v. *Jenkines* (1913), 179 Ind. 549, 101 N. E. 1013; *Gibson* v. *Seymour, supra.*

The appellant, by the express terms of Item #4 of the will, was to take *only* that part of the residuary estate of Gertrude Semmes that Madeleine Walton *elected not* to take. Having predeceased the testatrix, Mrs. Walton could not have made, and did not make, the necessary election, and appellant, therefore, takes nothing under the will.

Appellant further argues that the testatrix intended to, and did, in fact, give Mrs. Walton more than a mere power of

appointment, and that "An intent that Granville Martin Semmes be a substitutionary legatee for Madeleine Walton is much more likely than an intent (that) Granville Martin Semmes have a mere expectancy as the possible appointee under a power of appointment vested in Madeleine Walton." (Appellant's brief p. 30).

We are somewhat confused with respect to this argument advanced by the appellant, as it would not seem to matter what Mrs. Walton was given, for, in any event, she did not receive it and could not, therefore, have disposed of it in a manner which would be beneficial to appellant. His statement that it is more likely that Mrs. Semmes intended him to be a substitutionary legatee cannot be characterized as anything more than wishful thinking on his part. It is true, and this Court has so held on numerous occasions, that a testator may, in order to avoid a lapsed bequest, designate to whom the gift shall go in case the primary devisee or legatee predeceases said testator. *Borgner* v. *Brown* (1892), 133 Ind. 391, 33 N. E. 92; *Tyner* v. *Reese* (1880), 70 Ind. 432. Had Item #4 stated "* * * in the event Mrs. Walton predeceases me (the testatrix, Mrs. Semmes), the entire residue of my estate shall pass to Granville Martin Semmes," or words to that effect, there would have been no question but that appellant could have qualified as a substituted residuary legatee. But the will did not so provide, and we cannot say that it did.

Appellant argues that "Gertrude Semmes knew for 19 years the impossibility of an election, or refusal, taking place (and) (h)er failure to revoke her will, or alter it, tends to an inference that the gift over to Granville Martin Semmes was to take effect despite the technical terms 'elect not.'" (Appellant's brief, p. 33). Said argument must fail for two reasons: (1) there was no gift over, (2) the trial court drew the more reasonable inference that, Mrs. Walton not being alive so as to renounce in favor of the appellant, Mrs. Semmes knew that

he could take nothing and, being satisfied that her heirs would take, made no change in her will.

In order for there to be a gift over, the intent of the testator to so provide must be expressed in the terms of the will with sufficient clarity. In *Borgner* v. *Brown, supra,* this Court stated:

"But most of these authorities, and many others, hold that where the testator *clearly provides* for the disposition of the property, when the devise shall have lapsed as to the primary devisee, such provision will be upheld. It is said in Beach on Wills, p. 302, section 161, that 'this rule, however, being founded upon the supposed intention of the testator, that only those persons who may be living at the time of his death shall receive the gifts bequeathed them by the will, may, of course, be controlled by expressions manifesting a contrary intention, as by a *direct provision* that a legacy shall not lapse, *or by a distinct provision* of a substitute in the event of the first beneficiary dying before his decease.' In Jarman on Wills, vol. 1, p. 619, it is said that 'the only mode of excluding the title of whomsoever the law, in the absence of a disposition, constitutes the successor to the property, is to give it to someone else.' In a note to this statement of the law, the author quotes from Williams on Executors (6 Am. ed.), p. 1306, that 'it is settled that the testator may, if he thinks fit, prevent a legacy from lapsing; *though in order to effect this object, he must declare either expressly or in terms from which his intention can be with sufficient clearness collected,* what person or persons he intends to substitute for the legatee dying in his lifetime * * *." (Emphasis supplied)

Clearly, Mrs. Semmes did not provide for a gift over to the appellant upon the death of Mrs. Walton prior to her own demise; had she so provided, the specific language heretofore set out in this opinion, as an example, or words which would have required a like result, would have been used.

Appellant finally argues that any reasonable construction should be adopted to avoid intestacy. He cites *Dykeman* v. *Jenkines, supra,* for the proposition that:

"* * * where the language used in a will is *reasonably susceptible of two different constructions,* one of which will defeat, and the other sustain the provisions, the doubt is to be resolved in favor of the construction which will give. effect to the will rather than the one which will defeat it." (Emphasis supplied)

The error into which appellant has fallen in his determination that: (1) the will is susceptible of two different constructions, (2) there was a gift over to him, provided for in Item #4 of the will, and (3) the necessary election of Mrs. Walton was not an absolute condition precedent but merely an awkward way of providing for a substitution. The specific language of Item #4 deprives each of these arguments of any semblance of validity, as previously discussed in this opinion.

By virtue of the death of Mrs. Walton prior to the death of the testatrix the bequest to Mrs. Walton lapsed completely; there being neither a gift over to appellant Semmes of the residuary estate, nor a renunciation of part or all of her bequest by Mrs. Walton in favor of appellant Semmes as required by Item #4 of decedent's will, the entire estate passed by way of intestate succession to the heirs at law of Mrs. Gertrude Semmes.

We accept transfer of this case, and we affirm the judgment of the Porter Superior Court in all respects.

Hunter, C.J., Arterburn, DeBruler and Givan, JJ., concur.

NOTE.—Reported in 262 N. E. 2d 529.